# McCambridge & Company, Limited, *v.* O'Callaghan, Appellant.

*Guaranty—Written agreement—Parol evidence—Evidence—Affidavit of defense.*

In an action on a written guaranty absolute on its face, an affidavit of defense is insufficient which avers that the defendant was only to pay the debt guaranteed out of moneys to be paid to him from certain sources designated, without any averment that anyone had obligated himself or promised to pay such moneys. Such an averment is in effect that defendant would not be liable if the moneys were not paid to him, and is in direct contradiction of the terms of the absolute guaranty.

Argued Dec. 8, 1904. Appeal, No. 94, Oct. T., 1904, by defendant, from order of C. P. No. 5, Phila. Co., Sept. T., 1903, No. 1096, making absolute rule for judgment for want of a sufficient affidavit of defense in case of McCambridge & Com-

pany, Limited, v. M. J. O'Callaghan.   Before RICE, P. J.,
BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDER-
SON, JJ.   Affirmed.

Assumpsit on a written guaranty.

From the record it appeared that the guaranty was as fol-
lows :

" As surety for George W. Pierson for the completion of
shops at Frankford arsenal I guarantee the payment of the
above order."

Defendant filed an affidavit of defense in which he averred
as follows :

The circumstances leading up to the contract of guaranty
are not as averred in the plaintiff's statement of claim.   The
facts are that George W. Pierson had a contract with the gov-
ernment of the United States for the erection of certain shop
buildings at the Frankford arsenal, Philadelphia, the contract
amounting in the aggregate to about $79,000, of which sum the
government retained twenty per cent.   George W. Pierson had
sublet a part of his contract to J. F. Lenahan, a master plum-
ber, which said Lenahan had entered into an agreement with
the plaintiff to furnish him with the plumber's supplies to be
used by him (Lenahan) in the completion of his contract.   That
Pierson was not obligated in any manner to the plaintiff to
guarantee their claim against Lenahan, but he was willing to
accept an order to be given by Lenahan to the plaintiff ; that
the plaintiff declined to accept this order and supply the mate-
rials unless Pierson's surety for the completion of the contract
should guarantee the payment of the amount of their materials ;
that this deponent was the surety for Pierson on the bond to
the government for the completion of said contract, and agreed
that out of the funds to be paid by the government or Pierson
to him he would see that the amount of the plaintiff's claim
was paid to them.   It was understood and agreed that this in-
volved upon the part of this defendant no personal liability,
but only to pay to the plaintiff out of the funds to be paid to
him by the government or by Pierson a sum sufficient to pay
the plaintiff's claim.   That it was upon this distinct agreement
that this defendant executed the guarantee set out in the plain-
tiff's statement of claim.   That this was the agreement between

the parties was subsequently admitted by the plaintiff company, one of whom called at least a half dozen times at the office of this defendant to inquire whether or not the fund had been paid over to him, and he was informed that he had not as yet received the fund coming to Pierson under his contract with the government, and as soon as he had received said fund he would promptly pay them the amount of their claim. That this defendant has not as yet received from Pierson or the government of the United States any part of said balance due to Pierson, or any other sum, and not having received from Pierson any sum due by the government of the United States to Pierson he is not liable in this action to the plaintiff.

*William W. Porter,* with him *H. B. Painter,* for appellant.— It is submitted that the affidavit of defense is sufficient. It avers that the plaintiff was a party to a contemporaneous parol contract as to the suretyship applying only to a certain specific fund set forth in the parol contract, and, as a result of said parol contract or agreement, the defendant was induced to enter into the suretyship upon which this action is brought, upon which allegations set forth in the affidavit of defense supplied a good and ample defense to the action, and one which could clearly be proved by parol testimony : Rearich v. Swinehart, 11 Pa. 233 ; Shugart v. Moore, 78 Pa. 469 ; Graver v. Scott, 80 Pa. 88 ; Lippincott v. Whitman, 83 Pa. 244 ; Greenawalt v. Kohne, 85 Pa. 369 ; Walker v. France, 112 Pa. 203 ; Cullmans v. Lindsay, 114 Pa. 166 ; Natural Gas Co. v. Philadelphia Co., 158 Pa. 317 ; Anderson v. Best, 176 Pa. 498 ; Smith v. Harvey, 4 Pa. Superior Ct. 377 ; Wheatley v. Niedich, 24 Pa. Superior Ct. 198.

The reference in the guarantee to the contract of suretyship for the completion of the shops at the Frankford arsenal made it admissible to prove by parol such agreement, the contract showing on its face that it was not complete : Matthews v. Westborough, 134 Mass. 555 ; Commissioners v. McCalmont, 3 Pen. & Watts, 122 ; Brown v. Brooks, 25 Pa. 210 ; Musselman v. Stoner, 31 Pa. 265 ; Dubois v. Bigler, Young & Co., 95 Pa. 203 ; Clements v. Bolster, 6 Pa. Superior Ct. 411.

*Alexander M. DeHaven,* for appellee.—It is a settled principle of the law of guaranty and suretyship that one who stands

in the position of a surety or guarantor cannot show by parol that the liability assumed was not to be enforced unless a certain contingency should arise: Stearns on Suretyship, 164; Olmsted v. Olmsted, 38 Conn. 309; Miller v. Fichtorn, 31 Pa. 252; Pioso v. Bitzer, 209 Pa. 503.

A plain written engagement, upon sufficient consideration, plainly and intelligibly stated by the language of the parties, should not be varied or rendered ineffectual: Stub v. Stub, 3 Pa. 251; Kennedy v. Erie, etc., Plank Road Co., 25 Pa. 224; Harbold v. Kuster, 44 Pa. 392; Martin v. Berens, 67 Pa. 459; Homewood People's Bank v. Heckert, 207 Pa. 231.

Parol evidence to contradict a written instrument is only admissible when a chancellor would be justified in reforming it. No chancellor, however, would reform a writing upon the uncorroborated testimony of a single witness: Phillips v. Meily, 106 Pa. 536; Brawdy v. Brawdy, 7 Pa. 157.

OPINION BY HENDERSON, J., January 17, 1905:

Plaintiff's action was brought on the defendant's guaranty of a written order, drawn by J. F. Lenahan on George Pierson. The guaranty is in writing indorsed upon the back of the order, and is absolute on its face. It is averred in the declaration that the guaranty was the consideration and inducement for the delivery of the goods for which the order was given. Neither fraud, accident, nor mistake in the execution of the guaranty is alleged in the affidavit; nor is it alleged that a fraudulent use is being made by the plaintiff of the guaranty. The affidavit admits that the plaintiff declined to accept the order given by Lenahan without the defendant's guaranty, the latter being surety for Pierson on the contract for the construction of government work.

The defendant avers that he agreed " that out of the funds to be paid by the government or Pierson to him, he would see that the amount of the plaintiff's claim was paid to them." He further alleges that it was understood and agreed that this involved upon the part of the defendant no personal liability, but only to pay to the plaintiff out of funds which might be paid to him by the government or by Pierson, a sum sufficient to satisfy the plaintiff's claim; and that it was upon this agreement he executed the guaranty. It is not alleged that the de-

fendant had any claim upon which money was to be paid to him by the government, or that Pierson was under any legal obligation to pay any money to him, or that the government or Pierson had promised to pay him any money. The averment in effect is, that he agreed, in the event that money came into his hands from the government or from Pierson, sufficient in amount to pay the plaintiff's claim, he would apply it to that purpose. He did not undertake to secure money, or to do anything to cause payment to be made to him. Such a guaranty would create no obligation, for if payment were made to the defendant to be applied on the plaintiff's claim, he would become liable by the fact of such payment to him, and no greater liability would arise by reason of the contract of guaranty. Such a contention is a direct contradiction of the terms of the paper itself, and defeats the very object of the guaranty.

The case presented is not one of an agreement to look to a particular fund for payment. So far as appears in the case, the defendant had no legal control over money to be paid by the government on account of the contract; nor was it apparently within his power to direct the manner of payment. If we are to accept the defendant's version of the transaction, he was to pay if money was given to him with which to make payment; otherwise no liability was to exist. The defendant's undertaking does not bear this interpretation, and his obligation is not to be destroyed by parol evidence offered to establish the alleged fact. His defense amounts to this: That the guaranty was not to be binding according to its terms, but only in the event that money came into his hands to be applied for that purpose. The evidence offered is not admissible to defeat the plaintiff's action: Hacker v. The National Oil Refining Company, 73 Pa. 93; Phillips v. Meily, 106 Pa. 536.

If it were made to appear that the contract alleged, if established, would avail as a defense, it is not sufficiently averred that the defendant entered into the guaranty on the faith of the plaintiff's agreement not to hold him personally responsible, and that without such agreement, the defendant would not have executed the guaranty. The court was not in error in making the rule for judgment absolute, and the judgment is, therefore, affirmed.