## Vogt Farm Meat Products Company v. Sherman.

*Judgment—Opening judgment—Practice, C. P.*
1. Where a judgment is regular on its face, a rule to open, and not a rule to strike it off, is the proper practice.

*Corporations—Promissory note given for stock—Constitutional provision against—Delaware corporation—Estoppel.*
2. As between the parties, a note given to a corporation in payment of stock will be enforced where the purchaser has accepted the stock, held it, and does not offer to return it, even though there be a constitutional provision prohibiting sale of stock for other than cash or its equivalent.

Rule to show cause why judgment should not be stricken off. C. P. Cumberland Co., Sept. T., 1923, No. 196.

*A. M. Bowman,* for plaintiff; *H. Berg, Jr.,* for defendants.

BIDDLE, P. J., June 18, 1924.—The judgment in the present case was entered on a note in the following form:

' $1500.00                                    Mechanicsburg, Pa., Feb. 10, 1923.
"Three months after date, we promise to pay to the order of ourselves at .......................... fifteen hundred dollars, with interest, and without defalcation or stay of execution, for value received; and confess

Vogt Farm Meat Products Company *v.* Sherman.

judgment for the above sum; hereby waiving the right of inquisition and appeal, and the benefit of all laws exempting real or personal property from levy and sale.                                        SEYMOUR SHERMAN.      (Seal)

Due.................          ·                     IDA F. H. SHERMAN.

53

This note was endorsed by Seymour Sherman and Ida F. H. Sherman, the defendants, and on July 21, 1923, judgment thereon was entered to No. 196, September Term, 1923, in favor of the Vogt Farm Meat Products Company, and on Aug. 6, 1923, *fi. fa.*, No. 27, September Term, 1923, was entered thereon. On Aug. 31, 1923, the defendants presented a petition setting out the above facts; that the note on which the judgment was entered was given to the Vogt Farm Meat Products Company for stock in said company; that the company is a corporation of the State of Delaware, incorporated under the laws of said state; that the Constitution of the State of Delaware provides, "No corporation shall issue stock, except for money paid, labor done or personal property or real estate or leases thereof actually acquired by such corporation;" that the petitioners were advised that the said note is void and of no effect, and that the same should, by law, be canceled and annulled; and praying for a rule to show cause why the said judgment should not be canceled and stricken from the record. On the same date a rule was granted to show cause why the prayer of the petition should not be allowed. Service of the rule was accepted by counsel for the plaintiff, who, on Sept. 15th, filed an answer, admitting that the note in question was given for stock of the plaintiff company and that the company was a Delaware corporation. The plaintiff denied that the Delaware Constitution contained the section recited, and averred that the Constitution of Delaware could not affect the rights of the parties. It averred that the stock purchased by the petitioners for the rule was issued and delivered, to the said petitioners, and that the same has not been surrendered, and that the petitioners have not repudiated their stock subscription. No replication was filed and no depositions were taken, but, on the argument of the rule, it was agreed that the copy of the Constitution of Delaware, produced by defendants' counsel, correctly set out the constitution of that state, and it should be treated as properly before the court for consideration as if produced on deposition and properly established. There were averments in the petition that the sale of the stock had been effected through misrepresentation and fraud; but this was denied by the answer, and no evidence in support of the averment was produced, the defendants relying exclusively on the provision of the Delaware Constitution referred to, and averring that, under that, the note given was wholly void, and that the judgment based thereon could not be sustained.

There is nothing on the face of the note to sustain the averments of the petition; the judgment itself is regular in form, with nothing intrinsically defective; and, in our opinion, a rule to show cause why the judgment should not be stricken off was improper. The prayer of the petition should have been for a rule to show cause why the judgment should not be opened and the defendants allowed to make defence. This defect in the pleadings, without more, would require a discharge of the present rule. But we have carefully examined the case on the merits, and will, therefore, pass upon the questions raised as if the rule had been to show cause why the judgment should not be opened.

No briefs were submitted by either side, and no cases or authorities were cited or suggested in behalf of the plaintiff. The defendants, in support of

their contention, presented a copy of a letter said to have been written by Hon. Robert E. Mattingly, judge of the Municipal Court of the District of Columbia, to Hon. Peyton Gordon, U. S. District Attorney, Washington, D. C., the letter giving a history of the suit of the Stock Exchange Securities Corporation v. H. H. Byrne, No. A-1244, in said court, in which case it appears from the letter that Judge Mattingly rendered an oral decision, holding that, under facts similar to those alleged in the present petition of the defendants, there could be no recovery on a note similar to that given by the defendants to the plaintiff in this case; and the letter states that the decision of Judge Mattingly was based upon the case of Cahall v. Lofland, 114 Atl. Repr. 224. The case referred to in Judge Mattingly's letter does not seem to have been reported. An examination of the case upon which he relied, while it shows that the extract recited in Judge Mattingly's letter is correctly taken from the report of the case, also shows that the point passed upon by Judge Mattingly was not necessarily involved in the Cahall v. Lofland case, and that the appellate court of the State of Delaware, in the discussion of the case, made a ruling directly opposite to that which Judge Mattingly cited the case as holding, because, in that discussion, the Supreme Court of Delaware said: "A promissory note given for stock is not void as against the corporation, and it may enforce payment of the note. In Washer v. Smyer, 211 S. W. Repr. 985, the court so held, though it also found that the note could not, under the constitution, have been taken by the company for stock." While this part of the decision in Cahall v. Lofland would appear to be merely *obiter dictum*, yet it will be seen that it rules directly opposite to the position taken by the defendants here. It is rather interesting to note, however, that the case of Washer v. Smyer, 211 S. W. Repr. 985, cited by the court in Cahall v. Lofland, does not hold what the appellate court of Delaware said it did; for in that case what the court held was that such a note might be enforced when it had passed into the hands of an innocent holder for value and without notice prior to maturity, but that, as between the corporation and the maker, the note could not be enforced; a decision that would sustain Judge Mattingly's opinion, and would sustain the contention of the defendants here as regards the enforcibility of the note. In several other cases the court of appeals of Texas has held that a note similar to the one in suit here is not enforceable in the hands of those who take it with notice of the nature of the transaction in which it was given: Mason v. Bank, 156 S. W. Repr. 366; Sturdevant v. Falvey, 176 S. W. Repr. 908; Lockney State Bank v. Martin, 191 S. W. Repr. 796.

In other states, however, where there was a constitutional provision similar to that appearing in the Constitution of the State of Delaware, it has been held that such a note might be enforced by the corporation. It was so held in Idaho, in the case of German Mercantile Co. v. Wanner, 142 N. W. Repr. 463; and it was so held in California, in the case of Pacific Trust Co. v. Dorsey, 12 Pac. Repr. 49; 13 Pac Repr. 148; and in Meholin v. Carlson, 107 Pac. Repr. 755.

The court was not referred to any case in Pennsylvania where the point involved here was squarely ruled. There were, however, some cases where, under acts of assembly containing provisions somewhat, although not entirely, analogous to our constitutional provision, it was held that the corporation could not enforce the liability of a subscriber to the stock. Thus, it was held that, where the act of assembly required part payment at the time of subscription for stock of the corporation, giving a note for such part payment was not a compliance with the statutory provision, and the corporation could

not enforce the stock subscription: Hibernia Turnpike Road Co. v. Henderson, 8 S. & R. 219; Leighty v. Waterford Turnpike Co., 14 S. & R. 434.

In the case of Hacker v. Refining Co., 73 Pa. 93, a recovery was permitted in a suit by the corporation on a note given for stock subscribed for, in the face of the provision in the act of assembly that such a note should not be regarded as payment for the stock; but in that case it was held that the taking of such a note was contemplated by the act of assembly in question, and that the transaction was not void, but that the stock was not to be considered as paid for until the note had actually been paid. And in the case of Boyd v. Peach Bottom Ry. Co., 90 Pa. 169, it was said: "A demand note, such as was given by the plaintiff in error in this case, is not money; it is only a promise to pay money at a future time, and perhaps may never be complied with." And it was held that the corporation could not maintain its suit against the subscriber on his subscription or on a note that he had given for the advance payment called for by the act of assembly.

From the analogies of the case, we are inclined to think that, if this had been an action brought on the note prior to the delivery of the stock, the rule laid down in the Texas cases would be held to be in force in Pennsylvania, and that a determination on the merits would have to be in favor of the makers of the note; but, in the present case, it appears from the answer that the stock for which the note was given was issued by the corporation, was accepted by the defendants, and has been retained by them ever since, and is now retained by them. To strike off the judgment, therefore, or to permit a successful defence to the note to be made, would be to permit the defendants to receive the full benefit of their contract, while relieving them from any liability therefor; and, as we read the decisions of the courts of this State, such a condition will not be aided by the courts. In the case of Boyd v. Peach Bottom Ry. Co., cited above, the Supreme Court said: "The only available defence presented in the court below was the non-payment of the 10 per cent. required by the act; and it was technical, rather than meritorious. Aside from making the subscription, in the first instance, and afterwards giving his note for the 10 per cent., when called on by the collector, the plaintiff in error appears to have been entirely passive. If he had acted as commissioner or director, or participated in stockholders' meeting, or performed any act recognizing his membership of the company, or tending to fasten liability on other subscribers, he should be held to the payment of his subscription, notwithstanding the failure of the commissioners to exact the payment required by law to make it valid and binding; but he appears to have stood aloof and did nothing by which he was estopped from insisting on the technical defence which he has seen fit to interpose. Legally, he is entitled to the benefit of it." And in the case of Erie & Waterford Plank Road Co. v. Brown, 25 Pa. 156, it was held that, even where the subscription for stock was invalid, owing to a failure to comply with the provisions of the act of assembly, yet, if the subscriber had thereafter voluntarily acted as a corporator and exercised privileges that could only belong to him in that capacity, he should be estopped from denying the validity of his action, and his subscription might be enforced. The same rule was held to be applicable in the case of Jeffery v. Selwyn, 220 N. Y. 77, the court saying: "The doctrine of estoppel is not available to sustain this theory of liability, for the reason that both sides were aware of all the facts. It is upheld rather by analogy upon the principle that defeats the defence of *ultra vires* when interposed to an action against a corporation in cases where, if that defence were to prevail, it would work injustice and accomplish a legal wrong."

Vogt Farm Meat Products Company v. Sherman.

We think this principle is applicable here. The defendants, having accepted the stock, having retained it for a number of months, and still retaining it, with no offer to return it, are not in a position to ask the assistance of a court of equity, and on this account their application should be refused, even if the proper form of procedure had been adopted by them.

And now, June 18, 1924, the rule in this case is discharged, at the costs of the defendants.                    From Francis B. Sellers, Carlisle, Pa.