[No. 12788. Department Two. February 17, 1916.]

BOYD HAMILTON, *Appellant*, v. JAMES S. RAMAGE, *Respondent*.[1]

BILLS AND NOTES—CONSIDERATION—PARTIAL FAILURE—EVIDENCE. In an action on a note, a partial failure of consideration, as a defense *pro tanto*, is established, where the payee was unable to perform its contract to furnish the maker a quantity of cement, to be measured by market value, which exceeded the amount due on the note.

SAME—ASSIGNMENT—NOTICE OF DEFENSES. Partial failure of consideration is a good defense to a note in the hands of an assignee who took with full notice of the infirmity.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered October 7, 1914, upon findings in favor of the defendant, in an action upon a promissory note, tried to the court. Affirmed.

*F. R. Monfort* and *Lawrence Jack*, for appellant.

*A. E. Barnes*, for respondent.

PARKER, J.—The plaintiff, Boyd Hamilton, commenced this action in the superior court for Spokane county, to recover upon a promissory note executed and delivered by the defendant James S. Ramage to Orofino Portland Cement Company, which note was thereafter, before maturity, assigned by that company to the plaintiff as collateral security for a loan. One of the defenses made against the note was failure of consideration, which it is alleged was known to the plaintiff at the time he acquired the note from the company. The other defense need not be here noticed. Trial before the court without a jury resulted in findings and judgment in favor of the defendant and for cancellation of the note, from which the plaintiff has appealed.

On September 30, 1913, respondent paid to Orofino Portland Cement Company the sum of $500 in money, and at the

[1]Reported in 155 Pac. 151.

same time executed and gave to that company his two promissory notes for the sum of $1,650 each, payable, respectively, two and four months after date. This action is upon the note maturing four months after date, the other note having been paid at or near its maturity. The consideration for the payment of this money and the giving of these notes to the company is evidenced by a written contract entered into on the same date between appellant and the company, by the terms of which contract respondent was to receive, in consideration of the payment of the $500 and the giving of the two notes, the following: (1) He was to receive from the company its mortgage bonds of the face value of $3,800, being a portion of a series of mortgage bonds issued by the company and secured by a mortgage upon its properties, of which there were then outstanding approximately $170,000. (2) He was to receive thirty-eight shares, of the par value of $100 each, of the capital stock of the company, fully paid up and nonassessable. (3) He was to receive, upon completion of the company's cement plant and its going into operation, a quantity of cement of a specified quality, equal to $3,800 worth, to be measured by market value f. o. b. at the company's plant, without cost to him.

These three items; to wit, the bonds, the stock and the cement, constituted substantially all of the consideration to be given for the execution of the notes and the payment of the $500 by respondent. Neither the bonds nor the certificates evidencing the thirty-eight shares of stock were delivered to respondent, but were held by the company to be delivered to him upon payment of the notes. For present purposes, however, we may regard the title of the bonds and of the stock as passing to respondent upon execution and delivery of the notes and payment of the $500, though we do not so decide as a matter of law. At the time of the giving of these notes and the making of this contract, the company had not constructed its plant. At that time its officers made representations to respondent leading him to believe

that its plant had been financed and would be constructed within a reasonable time, when it would be able to furnish the cement as agreed in the contract. Touching the failure of the company to furnish the cement and its inability to do so in the future, the trial court found as follows:

"The court finds that the Orofino Portland Cement Company has not been able to finance said project; has never erected the plant for the manufacture of Portland cement; that it has no funds with which to erect said plant, and that one unit of such a plant would cost about $350,000, and that said Orofino Portland Cement Company is unable to carry out the contract which it made to secure the subscription to $3,800 of its bonds as hereinbefore set out and that said Orofino Portland Cement Company has not paid and is not able to pay any consideration whatsoever for said note."

The trial court also found that appellant, when he acquired the note here involved, had full knowledge of the contract existing between the company and respondent evidencing the consideration for which the note was given, and also had full knowledge of the fact that such consideration had failed. Appellant has been the president of the company, in charge of its business, since prior to the date of the giving of these notes and the entering into this contract by the company with the respondent.

The theory of the trial court in disposing of the cause in respondent's favor seems to be that there was an entire failure of consideration as to both notes and for the $500 cash payment made by respondent. We do not find it necessary to go to this length in affirming the judgment, but we do agree with the trial court to the extent that there was a partial failure of consideration, at least equal to the amount of this note. It is plain that the bonds are in no event worth more than their face value. Indeed, the terms of the contract and the evidence touching the financial condition of the company argue very strongly that the bonds are not worth their face value, which fact was understood and recognized by the parties to the contract. As to the stock, it is equally

apparent that it has nothing more than a speculative value, has no market value, and that the parties so regarded its value. The cement to be furnished respondent as a part of the consideration was, by the express terms of the contract, to be of the market value of $3,800. It seems plain then that the consideration failed in so far as the furnishing of the cement is concerned, at least to the extent of the amount of the note here sued upon.

In *Bay View Brewing Co. v. Tecklenberg*, 19 Wash. 469, 53 Pac. 724, the doctrine of partial failure of consideration being a defense *pro tanto* was recognized by this court. At page 471, the court quotes with approval from 4 Am. & Eng. Ency. Law (2d ed.), 195, as follows:

"Though some of the earlier cases denied the doctrine, there is now no question, in the light of recent decisions, that a partial failure of consideration is a defense *pro tanto* when such failure is liquidated in amount, or can be definitely ascertained by computation."

That was before the passage of the negotiable instrument statute, which seems to state even a more liberal view of such defense as follows:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense *pro tanto*, whether the failure is an ascertained and liquidated amount or otherwise." Laws of 1899, p. 346, § 28; Rem. & Bal. Code, § 3419 (P. C. 357 § 55).

See, also, 3 R. C. L. 945.

It seems plain to us that whatever difficulty there might be in computing with exactness the proportionate extent of the failure of consideration in this case, such failure, in any event, exceeds any amount which would be due upon the note here sued upon. It follows that respondent has successfully maintained his defense of failure of consideration, at least to that extent.

It also seems quite plain to us that this defense was maintainable by respondent as against appellant the same as he could have maintained it against the company, the original payee of the note, since appellant acquired the note with full knowledge of this infirmity. *Gross v. Bennington,* 52 Wash. 417, 100 Pac. 846.

The judgment is affirmed.

MORRIS, C. J., MAIN, HOLCOMB, and BAUSMAN, JJ., concur.