## WESTERN NAT. BANK v. SPENCER.
### (No. 350-3106.)

(Commission of Appeals of Texas, Section A. Oct. 18, 1922.)

1. Corporations ⬅99(2)—Unsecured note given for stock not "property."

An unsecured note is not property within the meaning of the law governing the issuance of stock, the issuance being prohibited. except for money received, labor performed, or property actually received.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Property.]

2. Bills and notes ⬅343—Transferee, with knowledge that unsecured note was given for capital stock of corporation, put upon notice that transaction was illegal.

Where the transferee of an unsecured note had knowledge that it was given, for capital stock of a corporation, he was put upon notice that the transaction was illegal.

3. Appeal and error ⬅1084—Hypothetical questions certified to Supreme Court not answered.

Where questions are certified to the Supreme Court, and on answer of one question, the remaining ones become hypothetical and immaterial, they will not be answered.

Certified Questions from Court of Civil Appeals of Second Supreme Judicial District.

Action by the Western National Bank against J. E. Spencer. From judgment for defendant, plaintiff appealed to the Court of Civil Appeals, which certified questions to the Supreme Court. Questions answered.

Glover C. Johnson and I. W. Stephens, both of Fort Worth, for plaintiff.
Earl Conner, of Eastland, for defendant.

SPENCER, P. J. According to the certificates of the honorable Court of Civil Appeals for the Second district, the Western National .Bank sued J. E. Spencer to recover upon a promissory note, executed by the latter on November 17, 1913, in the sum of $2,000, payable to his own order in Denver, Col., and bearing his own indorsement as well as the indorsement of H. C. Ford. The trial court found that the execution of the note had been procured by means of fraudulent representation, and had been given for capital stock of a corporation organized under the laws of the state of Colorado, and that the bank accepted it as collateral to a note executed by H. C. Ford, and with full knowledge that it was for stock in the Colorado corporation. The trial court further found that the bank was, at the time of its acquisition of the note, without notice of the fraud in procuring the execution of it; that the laws of the state of Colorado with reference to the issuance of stock in corporations is the same as in this state, and that the stock was in all things fictitious, and not issued for money received, labor performed, or property actually received. Based upon the foregoing findings of fact and conclusions of law, the trial court rendered judgment denying the bank a recovery upon the note, from which judgment the bank appealed.

In the certificate the honorable Court of Civil Appeals states that the most serious question presented is the bank's contention that there is no evidence that its representative in accepting the note had notice that it was given for capital stock in the corporation. This question, as well as other issues of fact supporting the trial court's judgment, was, however, resolved in favor of the trial court's finding.

. [1, 2] The honorable Court of Civil Appeals certifies the following questions:

"First. If we are correct in the conclusion that the evidence supports the finding .that the' appellant bank had knowledge of the fact that the note sued upon was given for stock in the Colorado corporation, then does such knowledge of itself (the facts otherwise showing appellant to be a purchaser in good faith, in due course of trade, before maturity) subject the note in the hands of appellant to the defense pleaded by appellee and upheld by the trial court?"

"Second. If we should be mistaken in the conclusion that the evidence supports the court's findings that the appellant bank had knowledge that the note in question was given for stock in the Colorado corporation, and hence that it should be held that appellant in fact was a purchaser in good faith, in due course of trade, and for value, then is the note in controversy subject to the defense urged against it, and on this subject see the following conflicting cases and authorities therein cited: Ater v. Rotan Grocery Co., 189 S. W. 1106, Lockney State Bank v. Martin, 191 S. W. 796.

"Third. Will the fact, which is undisputed, that appellee gave the note in controversy for stock in the Colorado corporation, coupled with the further fact as found by the court, and which finding is supported by evidence, that said stock was valueless and fictitious, render the note in controversy at all events void and unenforceable by appellant as held by the court?"

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The honorable Court of Civil Appeals has found that the bank had notice that the note was for capital stock in the corporation. Question No. 1 will be answered in the light of the Court of Civil Appeals' finding, but which finding is in no wise brought in review. The question should be answered "Yes." The law prohibited the issuance of stock except for money received, labor performed, or property actually received. An unsecured note is not property within the meaning of the law governing the issuance of stock. Washer v. Smyer, 109 Tex. 398, 211 S. W. 985, 4 A. L. R. 1320. The giving of the note for capital stock branded the transaction as illegal, and subjected it, as between the parties to the transaction and those asserting rights under it, who had notice of its illegality, to the defenses pleaded. If the bank had knowledge that the note, which was unsecured, was for capital stock of the corporation, then it was put upon notice that the transaction was illegal.

[3] In view of the Court of Civil Appeals' finding and the answer to question No 1 upon such finding, questions Nos. 2 and 3 become hypothetical and wholly immaterial to the decision of the case, and it is therefore improper for the Supreme Court to answer them. This identical question was before the Supreme Court in Evans v. Daniel, 94 Tex. 281, 60 S. W. 309. It was there said:

"This court has no power to determine questions of fact, and can only answer such questions as are based upon conclusions of fact drawn and stated by the court which submits them. The honorable Court of Civil Appeals does not find as a fact that the land in question became the homestead of Daniel and his wife when they acquired it, but bases the question submitted upon the hypothesis, 'assuming the same became the plaintiffs' homestead at the time they acquired it.' In effect, the statement is, What is the rule of law that should govern this case if the Court of Civil Appeals should find that it was the homestead of Daniel and his wife at the time that the deed was made to Daniel from Parker? In its additional findings, the court expressly reserves another question which is prominent in the statement—whether the lien of the notes held· by Evans and others would not be binding upon the land if that court should find that the homestead right attached, but that Evans had no notice of that fact at the time that he purchased the notes, and that he was a purchaser for valuable consideration and without notice of the homestead claim. Taken altogether, the statement leaves the matter in shape that any answer to the question might become immaterial to the decision of the case. It is not shown by the statement accompanying the question that it is 'the very question' in the case which is authorized by the law to be submitted to this court for decision. We therefore have no jurisdiction to answer the question, and the certificate is dismissed."

We recommend, therefore, that the questions certified be disposed of as herein indicated.

CURETON, C. J. The opinion of the Commission of Appeals answering certified questions is adopted, and ordered certified to the Court of Civil Appeals.