## No. 10,673.

### BOLDT *v.* MOTOR SECURITIES CO.

Decided July 2, 1923.   Rehearing denied October 1, 1923.

Action on promissory notes.   Judgment for plaintiff.

#### *Affirmed.*

#### *On Application for Supersedeas.*

1.  JUDGMENT—*Facts—Presumption.* On review, all questions of fact must be resolved in favor of the judgment.

2.  APPEAL AND ERROR—*Jury Trial—Judgment on Motion—Effect.* Where both parties, at the close of the evidence, moved for judgment, defendant, against whom the judgment was rendered, could not complain because certain questions were not submitted to the jury, because his motion was a waiver of his right to go to the jury on the facts.

3.  *Questions Not Argued.* Assignments of error which are not argued, may be ignored by the appellate court.

4.  BILLS AND NOTES—*Corporate Stock—Constitutional Question.* Section 9, article XV of the Colorado Constitution regarding the issuance of corporate stock, is not available as a defense in an action brought on a promissory note given for stock of a cor-

poration. If a corporation is prohibited by this section from delivering its stock in return for promissory notes, it would constitute no defense to an action on the notes where the transaction was consummated in good faith.

5. APPEAL AND ERROR—*Trivial Questions.* Assignments of error based on trivial questions, will not be considered on review.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. JOHN D. MILLIKEN, Mr. F. T. JOHNSON, for plaintiff in error.

Mr. J. H. BURKHARDT, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order below and are hereinafter referred to as there.

Plaintiff brought this action to recover on two promissory notes, of $800.00 each, given it by defendant, as it says, for ten shares of its capital stock. At the close of all the evidence each party moved for judgment, whereupon the trial court discharged the jury and gave judgment for plaintiff, to review which this writ is prosecuted by defendant, and he now asks that it be made a supersedeas.

One of the defenses was that these notes represented a mere loan of credit to plaintiff, were to be returned cancelled at maturity, and the stock was simply security for their return. Defendant also attempts to plead fraud, misrepresentation and deceit. The plea is probably bad, but plaintiff took no advantage thereof and the evidence thereon was conflicting. All questions of fact must be resolved in favor of the judgment.

Defendant complains because certain questions were not submitted to the jury. His own motion for a directed verdict, added to that of plaintiff, disposes of this objection. They constitute a waiver of his right to go to the jury on the facts. *Cascade Auto Co. v. Petter,* 72 Colo. 570, 212 Pac. 823.

Before judgment defendant orally amended his answer to conform to the proof. That amendment was in substance an admission that the notes sued on were given for stock purchased. After judgment, and by leave of court, the amendment was withdrawn over the objection of plaintiff. This condition of the record suggests another interesting point which we ignore because not argued.

The only real question presented is a constitutional one. Defendant contends that the transaction was void under a constitutional prohibition and for that reason plaintiff can not recover: "No corporation shall issue stocks or bonds, except for labor done, service performed, or money or property actually received, and all fictitious increase of stock or indebtedness shall be void." Sec. 9, Art. XV, Colo. Const.

We do not find that this section, as applied to the facts before us, has been construed in this jurisdiction. It is found in the Constitution and statutes of many states and they are not in harmony as to its meaning. It seems that Texas, Delaware and Alabama construe it as making absolutely void the issuance of stock in exchange for unsecured promissory notes. *Western Nat. Bank v. Spencer* (Tex.) 244 S. W. 123; *Washer v. Smyer,* 109 Tex. 398, 211 S. W. 985, 4 A. L. R. 1320; *Lofland v. Cahall* (Del.) 118 Atl. 1, 6; *Terrell v. Warten,* 206 Ala. 90, 89 So. 297; *Ala. Nat. Bank v. Halsey,* 109 Ala. 196, 19 So. 522.

California, South Dakota and other states hold the contrary. *Pac. Trust Co. v. Dorsey,* 72 Cal. 55, 12 Pac. 49; *Quartz Glass & Mfg. Co. v. Joyce,* 27 Cal. App. 523, 150 Pac. 648; *Schiller Piano Co. v. Hyde,* 39 S. D. 74, 162 N. W. 937; *German Merc. Co. v. Wanner,* 25 N. D. 479, 142 N. W. 463, 52 L. R. A. (N. S.) 453; *Meholin v. Carlson,* 17 Idaho 742, 107 Pac. 755, 134 Am. St. Rep. 286.

It is unnecessary here to repeat the reasoning of the last-mentioned authorities. Suffice it to say that we agree with them, at least to the extent that this constitutional provision is not available as a defense in an action brought on a promissory note given for the stock of a corporation.

That holding is further supported by section 2247, C. L. 1921, which provides for suit on a subscription to stock. The note is of no less validity than the subscription, and to hold that an action may be brought on the one, and not on the other involves a palpable absurdity and finds no support in reason. The fact, if it be a fact, that the corporation was prohibited from delivering the stock in return for the notes, constitutes no defense where the transaction has been consummated in good faith. *Denver Fire Ins. Co. v. McClelland,* 9 Colo. 11, 9 Pac. 771, 59 Am. Rep. 134.

Other questions raised are trivial, as, for example, that one of these notes is without consideration because executed in renewal of a like note given for stock by defendant's son. They require no examination.

For the foregoing reasons the supersedeas is denied and the judgment affirmed.