## No. 10,705.

### REITER, ADMINISTRATOR *v.* POLLARD.

Decided April 7, 1924.

Action on promissory note. Judgment for plaintiff.

*Reversed.*

1. EXECUTORS AND ADMINISTRATORS—*Fraud—Trial.* In the hearing of a claim against an administrator on a promissory note, there being no written pleadings, it appearing on the trial that the issue of fraud was involved, it is held that the court should apply to the evidence the appropriate rules of law in such a case, and do substantial justice, disregarding mere technical rules of practice.

2. WITNESSES—*Examination.* In an action against an administrator on a promissory note, the maker being dead, where the administrator must rely on hostile witnesses to defeat a recovery, the court should be indulgent and give a wide range to the examination.

3. CORPORATIONS—*Officers—Notice.* The assignee of a promissory note given to a corporation being an officer and director of the company, held charged with all the knowledge concerning the note which the corporation had.

4. BILLS AND NOTES—*Defense—Corporations.* In an action on a promissory note, indorsed by a payee corporation to one of its officers, it is held that any defense that could be interposed had suit

been brought by the corporation, could be set up against the indorsee.

5. WITNESSES—*Executors and Administrators.* In an action against the administrator of an estate on a promissory note of the deceased, the plaintiff cannot testify on his own motion or in his own behalf.

6.       *Party—Cross-Examination.* A party to the record may be examined by his adversary as if under cross-examination, and the fact that a defendant called the plaintiff as his own witness did not cure the error committed in denying him the right to call him for cross-examination.

7. BILLS AND NOTES—*Consideration—Corporations.* In an action on a promissory note given for stock in a corporation, intentional failure of the corporation to make any attempt to prosecute the business for which it was organized, held sufficient to establish the defense of no consideration.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. DANFORTH & KAVANAUGH, for plaintiff in error.

Messrs. FILLIUS, FILLIUS & WINTERS, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action by the plaintiff Pollard against defendant Reiter as administrator of the estate of C. A. Barnard, deceased, upon two promissory notes—one for $700, the other for $300, which Barnard had given to the National Radio Corporation and which the latter endorsed to Pollard. The facts are that Barnard bought of this corporation 2,320 shares of its capital stock of a par value of $1.00 each. These two notes in suit represent the payment for 1,000 of these shares. As a part of the same transaction and at the same time, Barnard gave his note for $1,320 for the remaining 1,320 shares and this note was secured by a mortgage upon real estate. The claim upon the notes in suit was filed in the Denver county

court. Upon a hearing there the finding was against the claimant, and upon appeal to the district court it was against the administrator.

There are no pleadings in the case and there was no written joinder of issues, either of law or of fact. The record before us discloses there was a defense of a failure of consideration, in whole or in part. In its opinion, which is incorporated in this record, the court says that was the sole issue. We think the trial court was technically right in the statement. That there was no claim of fraud in the sense that fraud was specially pleaded or urged is true, but it is not true, in the full or proper sense, that the issue of fraud was not involved or that fraud was not inferable from the evidence. The court should apply to the evidence the appropriate rules of law in such a case, and do substantial justice and disregard mere technical rules of practice. In reaching the conclusion that there was a consideration for this note, although small or inadequate, the opinion of the trial judge indicates that had the court considered the fraud issue was in the case, the finding might have been different; for we think it apparent from the reading of the entire opinion that the trial court was of the impression, as we are in reading the evidence in the record, that fraud might have been, or was, practiced by the corporation's agent in the sale of the stock. After this case was tried below and briefed here, this Court in *Faris v. Beck*, 74 Colo. 480, 222 Pac. 652, in disposing of a defense of no consideration to an action on a promissory note, said: "It seems that the fact that stock, the sale of which is the consideration for a note, is worthless, and even known to the seller to be worthless, will not, in the absence of fraud, amount to want of or failure of consideration, if the maker got what he bargained for." Had the element of fraud been present in the Faris case, the decision might have been otherwise. The court in that case said that the case there should be distinguished from a case like that of *McCormick Har. M. Co. v. Brower*, 94 Iowa, 144, 62 N. W. 700, where the

property sold was intended for a specific pupose. If there be other exceptions to the general rule announced in the opinion, they are not important here. We think even the facts that are now in this record differentiate this case from that, and these we proceed to state.

The plaintiff Pollard, was director, secretary and treasurer of this corporation and the officer who knew most about its affairs and its financial condition. The note was endorsed to him for a valuable consideration, for advances which he had theretofore made to it. Included in, and as a part of, the contract of sale of stock, were these two notes and a third note of the series, which was secured by a mortgage on real estate. When counsel for defendant in the instant case endeavored to go into that part of the entire transaction concerning the secured note, the court did not permit it upon an objection interposed by the plaintiff. Just what the investigation, if permitted, would have disclosed we can not say. We do think, however, where, as in a case like this, the maker of a note is not living at the time of the trial and the administrator of his estate must rely upon hostile witnesses, officers of a corporation, for evidence to defeat a recovery, the court should be indulgent and give a wide range to the examination. While this secured note was not directly involved in the present action, it was a part of one entire transaction by which all of the notes in question were given and endorsed. Pollard had made some disposition of it, the nature of which the court's restriction of the cross-examination has concealed. The plaintiff Pollard, who was at all times, and still is, the secretary, treasurer and a director of this corporation, is charged with all the knowledge that the corporation itself had of the transaction. Any defense that could be interposed, had the suit been brought by the corporation, could be made in this action by its officer as its indorsee. *Nelson v. Wallington* 5 Bos. (N. Y.) 178, 186, 7; *McFerson v. Bristol,* 73 Colo. 214, 214 Pac. 395. The testimony of the president of the corporation shows that the company at the time of the trial, and when

the notes were given, had no tangible assets whatever and no patent rights. The evidence as a whole, creates in the judicial mind, the impression that the entire scheme was a speculative one to fleece the unwary and we can not say that the refusal of the trial court to permit a wide and free cross-examination of the witness Pollard was not prejudicial. Then, too, Pollard was called for cross-examination by the defendant, but, on plaintiff's objection, defendant was not allowed to subject the witness to cross-examination. Defendant then called Pollard as his own witness and examined him as such. We do not see why Pollard could not be required to submit himself to cross-examination by his adversary. Pollard was the party plaintiff. He could not testify of his own motion, or in his own behalf, as his adversary was defending as administrator of a deceased person. Section 6556, C. L. 1921. But by a later statute section 6570, C. L. 1921, a party to the record may be examined by his adversary, as if under cross-examination. That Pollard was called and testified as the defendant's own witness does not cure the error in denying defendant's right to cross-examine him. That is a statutory right of far greater value to the adversary than the right to examine one as his own witness. This is not a case where the attempted proof of lack of consideration consists merely in the failure of the business of a company once begun. This corporation was organized to manufacture and sell radio sets. It never has made any *bona fide* attempt even to enter upon or prosecute the business for which it was organized. None of its efforts in that direction rise to the dignity of a business transaction. There was at least an implied promise in behalf of the corporation that it would enter upon or start its business, and, if it failed to do so, and the evidence as a whole shows it had no intention in good faith to do so, or to engage in that business once entered upon, such failure would be a breach of the promise and sufficient to establish a defense of no consideration for the notes given as the purchase price of its stock. There is

evidence which at least tends to show that the scheme was to foist worthless stock upon unsuspecting investors. In connection with the inadequate consideration this would be competent evidence to establish fraud, as well as bearing upon the question of a lack of consideration. This was not a subscription for stock of an anticipated, but the purchase of stock of an existing corporation. There was nothing whatever behind this stock of any value at all, at the time of the formation of the corporation, and no tangible property or rights were thereafter acquired. This secured note of $1,320, being a part of the transaction, may have been sold or disposed of by Pollard for a sum in excess of the entire consideration which he agreed to pay for the 2,320 shares of stock which he bought, and, if so, this would have some tendency to establish fraud as well as lack of consideration. In this connection we refer to the cases of *Hamilton v. Ramage,* 89 Wash. 649, 155 Pac. 151 and *Hamilton v. Mihills,* 92 Wash. 675, 159 Pac. 887. Though different cases, they involve the same transaction and in their facts they are much like the case before us. There it was held that the president of the company in active management of its affairs, is not a *bona fide* holder of a note which he took from the corporation knowing that it was given for bonds and stock that he knew to be practically worthless, as the president is charged with the knowledge of failure of consideration. In one of these cases the defenses were fraud and failure of consideration, and in the other failure of consideration only. The court held in the former case that both defenses were established, and in the other case that failure of consideration was established, and in the latter case the evidence of lack of consideration was not any more potent, and, perhaps, in some respects had less probative value than does the evidence of lack of consideration here have upon that defense.

We have no purpose, or intention, unduly to hamper or restrict the trial court, in the event of a new trial, in passing upon the sufficiency and the weight of the evi-

dence then produced. We do say, however, that there is in the record now before us, evidence of probative value on both issues of fact, fraud and lack or want of consideration.

While also appreciating that the error of the court in saying that the issue of fraud was not involved, was wholly or in part due to the apparent acquiescence therein of defendant's counsel, or by their neglect specifically to assert that they relied thereon, nevertheless, since this is a case where one of the parties appears in a representative capacity as the administrator of the estate of a deceased person, the buyer of the stock, and as the record before the trial court tended to show fraud, as well as no consideration, the court should not disregard the fraud issue but should consider it as one issue for determination, and lack of consideration another issue. The judgment is reversed and the cause remanded for a new trial, further proceedings to be not inconsistent with the views expressed in the opinion.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.