## Grange Natl. Bank of McKean County v. Collman, Appellant.

236

Argued April 13, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*M. Levant Davis,* for appellant.

*Frank B. Quinn,* and with him *Charles H. English* and *George W. Luttrell* of *English, Quinn, Leenhuis & Tayntor,* for appellee.

Opinion by Linn, J., July 8, 1931:

This appeal is from judgment for want of a sufficient affidavit of defense in an action on three negotiable promissory notes. The plaintiff is a state bank and avers that it is a holder in due course. The defendant is the maker. They were 90 day notes, made in the fall of 1929 and, in amount, aggregated $2,300. In one, the Annandale Coal Company was the payee and in two of them, the Penn Brook Coal Company. The statement averred, and the affidavit admitted, that the face of each of the three notes was the aggregate of a number of notes which had preceded it, in transactions begun some ten years before, when the total of the obligations incurred was a much larger sum. It was averred, and admitted, that by payments on account and renewals, of which a detailed list is attached to the statement of claim, the total amounts were reduced to $2,300. Defendant asserts that he never was liable to pay anything on any of the notes and that he should now be relieved from further payment. He avers: (a) that the first notes were given in 1918, 1919 and 1923 to the payee corporations, in payment of his subscriptions for the stock of the corporations, and that such contract was in violation of Article 16, section 7 of the Constitution; and (in the words of his affidavit) "that the notes originally given and all renewals thereafter were and are without consideration and therefore void;" (b) that plaintiff was not an innocent holder because its president was an officer of the two payee corporations, (president of one and treasurer of the other) and knew that the notes had been given for stock subscriptions; (c) that plaintiff is not a holder for value but holds merely for purposes of collection for the amount of the payees. We must assume for the purposes of this case that defendant still retains the shares of stock which he received for his notes, that he never surrendered or

tendered them to the corporations; that assumption we must make in the absence of averment by him of the return or tender of the shares.

Concerning the allegation that the plaintiff was not a holder in due course but was a collecting agent, it is to be noted that the averment is made merely on information, belief and expectation of proof, and is therefore not sufficient. On the contrary, it was the duty of the defendant to make inquiry concerning plaintiff's averment that it was holder in due course if he wished to put that fact in issue; to inform himself sufficiently to state any defense he may have had, he might in the course of inquiry on the subject, have asked plaintiff as to the fact; he might have asked to see its accounts and records of the transaction concerning the notes. If plaintiff had refused to supply the information or, to permit the examination of its records, and defendant had exhausted other possible sources of inquiry, and had so stated in his affidavit of defense (Buehler v. U. S. Fashion Plate Co., 269 Pa. 428) it might not then have been, as it now is, fatally defective as a denial of the averment that the bank was a holder in due course in the respect indicated. The measure of diligence, lacking here, required by a defendant denying on information etc., is stated in New York Hotel Statler Company v. Girard National Bank, 89 Pa. Superior Ct. 537, 542; and in Snellenburg v. Levitt, 282 Pa. 65, 69.

Nor is there any merit in the point that merely because the president of the plaintiff bank was the president of one of the coal companies and the treasurer of the other, the plaintiff had notice (we need not consider what effect such knowledge might have had) of the transactions in which the notes were issued. What was said in Bank of Bangor v. Bangor Trust Company, 297 Pa. 115, 122 is conclusive: "It is argued that, since the arrangements for the discount were

made by Buzzard, president of the trust company, and Floyd Hess, secretary and treasurer, who displayed what purported to be a certified copy of its resolution, sufficient notice was furnished. It will be remembered that the two men named were acting, in making the loan, as individuals and officers of the Masterson Construction Corporation, and endeavoring to secure funds to replace monies improperly taken from defendant company. Though a bank may be chargeable with knowledge acquired by its officers pertaining to the scope of its business, this rule does not apply when they are acting personally and for their own interests, for in such case it will not be presumed that they informed their principal of facts which it was harmful for them to disclose: United Security Co. v. Central Natl. Bank, 185 Pa. 586; National Union Fire Ins. Co. v. Mellon Natl. Bank, 276 Pa. 212; United States Bank v. Evans, 296 Pa. 541; Dominion Trust Co. v. Hildner, 243 Pa. 253.''

We can find no merit in the contention that the notes, even if given for the issue of shares of stock, were void. Article 16, section 7 of the Constitution, relied on, provides: ''No corporation shall issue stocks or bonds except for money, labor done, or money or property actually received; and all fictitious increase of stock or indebtedness shall be void ......'' That provision is not self-executing: Yetter v. R. R. Co., 206 Pa. 485; compare Miller v. Hellan Distilling Co., 57 Pa. Superior Ct. 183. Section 17 of the General Corporation Act of April 29, 1874, P. L. 73 (15 PS. section 131) provides that ''...... no such corporation shall issue either bonds or stock except for money labor done, or money or property actually received, and all fictitious increase of stock or indebtedness in any form shall be void ......'' Section 12 of the same act (15 PS. section 134) provides: ''No note or obligation given by a stock holder, whether secured by

pledge or otherwise shall be considered as a payment of any part of the capital stock ......'' In Hacker v. National Oil Refining Co., 73 Pa. 93, it appeared that a company was chartered under the Act of 1863 (1864 P. L. 1102). Section 16 of that act provides: "...... no note or obligation given by a stock holder whether secured by pledge or otherwise, shall be considered as payment of any part of the capital stock.'' In a suit by the company to recover on a promissory note given in payment of a stock subscription one of the defenses was the company was not authorized to take a promissory note in payment for stock subscribed. In holding the defendant liable the court said: ''It is strenuously contended that under the latter provision of this section, the company had no authority to take the note in payment of the defendant's subscription. But the clause does not in terms forbid the corporation from taking a note or obligation from a stockholder. On the contrary, it impliedly admits the right, but declares that no such note or obligation, however, secured, shall be considered as payment of any part of its capital stock; and the reason is found in the next section, which authorizes the sale of the stock for non-payment of the assessments for the space of thirty days after the time appointed for payment. It is obvious that if a note given for the assessments was to be considered as payment, the authority of sale could not be exercised. The cases of the Hibernia Turnpike Road Co. v. Henderson, 8 S. & R. 219, and Leighty v. The Susquehanna and Waterford Turnpike Co., 14 Ib. 434, have no application to the subscription in this case. In each of these cases the subscription was made to the commissioners prior to the organization of the company, under acts of incorporation requiring the payment of a specific sum on each share subscribed at the time of making the subscription.''

It is therefore clear that the notes in suit were not void as claimed by defendant. In the circumstances disclosed in the affidavit of defense, the case does not call for discussion of defendant's status as stockholder in the corporations that were the payees of the notes.

Judgment affirmed.