Grange Nat. Bank, etc., *v.* Collman, Appellant.

Argued November 27, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*M. Levant Davis,* for appellant.—Those who purchase stock in a corporation and pay their money therefor are entitled to have their investment protected by this requirement of the constitution that every other share of stock shall also be sold for money, labor done or property actually received: Reading v. Stocker, 4 Berks Co. R. 425; Hibernia Turnpike Road Co. v. Henderson, 8 S. & R. 219; Leighty v. Turnpike Co., 14 S. & R. 434; Boyd v. Peach Bottom Ry., 90 Pa. 169.

*Charles H. English,* of *English, Quinn, Leemhuis & Tayntor,* with him *George W. Luttrell,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, February 3, 1932:

This appeal, from the affirmance by the Superior Court of judgment for want of a sufficient affidavit of defense, was allowed only because of the constitutional question raised. The other questions presented by appellant have been ably determined in the opinion of Judge LINN of the Superior Court, 103 Pa. Superior Ct. 235, and we shall regard them as settled.

Plaintiff, a state bank, as holder in due course, brought suit against Collman, maker of three 90-day, negotiable, promissory notes, the subject of this controversy. They total $2,300. Each note admittedly supersedes various preceding notes representing a larger total obligation which, by payments on account, has been reduced to the above sum. Collman gave the three notes in suit in the fall of 1929, the payee of one being the Annandale Coal Company and of the other two, the Penn Brook Coal Company. The original notes, given in 1918, 1919, 1923 and 1924, for which those in suit now stand (representing the remaining indebtedness on the former obligations), were given for defendant's subscriptions for corporate capital stock of the respective payee coal companies. It is defendant's contention the original obligations and all renewals are void because made in payment for corporate stock, in violation of article XVI, section 7, of the state Constitution, which provides: "No corporation shall issue stocks or bonds except for money, labor done, or money or property actually received; and all fictitious increase of stock or indebtedness shall be void." There is no averment that the stock in question is not valid; nor could there be under the circumstances here before us, the constitutional provision above quoted not being self-executing: Yetter v. R. R. Co., 206 Pa. 485, 488. On the contrary, the contention is that "the notes are invalid and without consideration," and appellant, in his argument before this court, takes excep-

tion to the assumption by the courts below that defendant has had possession of and still retains the stock involved, saying, "the statement of claim and affidavit of defense contain no statement that the stock was ever delivered or received by defendant." Such contention by defendant completely nullifies his appeal based on the ground that section 7, article XVI, of the Constitution has been violated in the transactions at bar, since, although the affidavit of defense states that the original notes and all renewals were given for stock in the payee companies, it is true there is no specific averment that a certificate was actually issued. If the stock has not been issued, no constitutional question arises. Moreover, appellant appears to have permitted without protest, throughout the proceedings in the courts below, the assumption that the stock was actually issued to him. For this reason also, defendant's appeal in this court cannot be sustained. It is our rule that questions not raised in the court below will not be heard on appeal by this court Bennar v. Central Mausoleum Co., 304 Pa. 569, 572; Lincoln Dep. & Trust Co. v. Sanker et al., 305 Pa. 576.

As we have stated above, other points raised by appellants regarding the validity of and consideration for the notes in suit are properly disposed of in the opinion of the Superior Court, and we shall not discuss them further.

The judgment is affirmed.