## Skocich et al. *v.* F. J. Boutell Driveaway Company, Appellant.

Argued October 2, 1934.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Forest G. Moorhead,* with him *John G. Marshall,* of *Moorhead & Marshall* and *J. Quint Salmon* and *George W. Moorhead,* for appellants.

*Lawrence M. Sebring,* for appellees.

Per Curiam, January 7, 1935:

William F. Skocich, a minor six and one-half years old, and his father, Frank Skocich, obtained verdicts of $5,000 and $1,000, respectively, in their suits to recover damages for personal injuries sustained by the child as a result of being struck by an automobile driven by Howard E. Olson, who, according to the allegations of the statement of claim, was the agent and employee of defendant company, and at the time of the accident, acting in the course of his employment. Judgments were entered on the verdicts in favor of the father and son, and defendant now appeals from the refusal of the court below to award judgment non obstante veredicto in both instances. The two appeals will be considered together.

Appellant raises only two questions for our consideration. The first contention is that the evidence of negligence on the part of the driver of the car was insufficient to submit to the jury. Upon examination of the record we are of opinion that, although the testimony as to just how the accident occurred is somewhat conflicting, considering it in the light most favorable to plaintiffs there is ample evidence to sustain the verdicts of the jury. The assignments of error raising this point must accordingly be dismissed.

Appellant also contends there was no adequate proof that Olson was the agent or employee of defendant company. It is true no evidence was offered on this point; moreover, although no affidavit of defense was filed, the averments of the statement of claim concerning agency were not read into the record. This was an omission which has hitherto been condemned by this court, but counsel for defendant made no objection on this score, either by asking for a nonsuit for failure to prove agency affirmatively, or by submitting to the jury points for charge which raised the question. At the trial there was no controversy as to the question of agency and both

sides proceeded throughout as though the fact were admitted. It is too late to raise the point now.

Farbo v. Caskey, 272 Pa. 573, which is much relied upon by appellant, does not control this case, for there the question of proof of agency was raised in a point for charge presented by defendant. In the case now before us, a careful reading of the testimony, as well as the briefs of counsel, has convinced us there is no real doubt concerning the agency or employment of Olson; indeed, there was no suggestion or intimation of this question until after the verdicts were rendered and the testimony transcribed.

The judgments are affirmed in both appeals.