## Nichols, Appellant, *v.* McKee et al.

640

Argued April 10, 1945. Before BALDRIGE, P. J., RHODES, HIRT, DITHRICH, ROSS and ARNOLD, JJ. (RENO, J., absent).

*Gilbert S. Parnell, Sr.,* with him *John H. Bozic,* for appellant.

*Wm. F. Schutte,* Deputy Attorney General, with him *James H. Duff,* Attorney General, for appellee.

OPINION BY BALDRIGE, P. J., July 20, 1945:

This appeal is from the decision of the court below affirming the order of the Milk Control Commission. A citation was issued by the commission against the appellant, Leighton G. Nichols, trading as Powell Dairy Company and also as Powell Dairy Co-Operative Association, alleging violation of the Milk Control Law of 1937, P. L. 417, 31 PS §700j-404, in failing without reasonable cause to make payment for milk purchased from producers. After a hearing the commission made a finding which sustained the charges and ordered that the dealer pay it $5,592.36, to be applied on the indebtedness due the producers, and revoked the dealer's license effective August 15, 1941, on the ground that he has been delinquent in his payments to producers without reasonable cause. This appeal followed.

The only error alleged by the dealer in the petition of appeal is that the commission erred in revoking his license. No definite complaint is made of the finding that he was delinquent in his payments to the producers. The commission contends that the issue, therefore, is confined to whether or not it revoked the dealer's license without reasonable cause; that the amount of the indebtedness and the order to pay that sum to the commission is not involved.

Ordinarily we do not consider on appeal a point or a question not raised in the court below: *Grange Nat. Bank, etc., v. Collman,* 306 Pa. 200, 159 A. 26; *Skocich et al. v. F. J. Boutell Driveaway Company,* 317 Pa. 26, 176 A. 19. But under section 8 of the Act of 1895, June 24, P. L. 212, 17 PS §192, our power to consider any phase of a case before us cannot be questioned if our

action is not contrary to statute: *Taggart, Insurance Commissioner v. De Fillippo et al.*, 315 Pa. 438, 173 A. 423. We may very properly consider that portion of the order directing the payment of $5,592.36 to the commission, to be distributed by them to the producers, as it is in direct conflict with the express rule in *Devlin v. Milk Control Commission of Pennsylvania*, 154 Pa. Superior Ct. 419, 36 A. 2d 185, affirmed by the Supreme Court in 352 Pa. 204, 42 A. 2d 596. We held there that no authority was given by the Milk Control Act or its amendments, to the commission to include in its order revoking a license, a direction that a milk dealer pay to the commission any sum due by him to milk producers. We may state, in justice to the commission and the court below, that the opinion in the *Devlin* case was not handed down until after the order and the lower court's decision were filed in this case.

Some reference is made to lack of proof that Nicholas was the owner of the business. There is ample evidence to support the finding of the commission that he was granted a license and was a dealer engaged in the purchasing, processing, sale and distribution of milk in the City of Meadville. Under the terms of his agreement he, individually, was obligated to pay the old debts of the Powell Dairy Co-operative Association, which, in his petition of appeal, he says was sold to him. It appears throughout this record that Nichols regarded himself as the owner and operator of the business and that he in that capacity purchased the milk.

The appellant relies mainly on the contention that there was no proof that he failed to pay the alleged indebtedness "without reasonable cause." His explanation for not paying the milk bills is that he enlarged his business, paid off a portion of the debts he assumed as part of the consideration in the agreement, purchased additional equipment, etc. The reasons he mentioned are not the reasonable causes that would relieve him of paying the obligations in question. As the commission suggests,

reasonable causes contemplated are those where there is a counter claim against the producers that the milk is unnaturally spoiled or unfit for human consumption, or where there was a deficiency in the quantity of milk delivered. None of these defenses were alleged or proved.

The appellant having failed to carry the burden of showing that the order revoking his license was unreasonable or illegal under section 906 of the Milk Control Act, supra, 31 PS §700j-906, and it appearing that the commission acted within its authority in revoking his license, we are not warranted in disturbing that portion of the order: *Kimmell Liquor License Case,* 157 Pa. Superior Ct. 59, 41 A. 2d 436.

That portion of the order of the court below revoking the license is affirmed; that part which directs the payment of $5,592.36, to the commission is reversed. The costs of this appeal to be equally divided between the appellant and the commission.