No. 21235.

WILLARD C. HASELBUSH *v.* ALSCO OF COLORADO, INC.
(421 P.2d 113)

Decided November 28, 1966.     Rehearing denied January 3, 1967.

MELLMAN, MELLMAN and THORN, for plaintiff in error.

GELT and GROSSMAN, HERBERT H. GALCHINSKY, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

WILLARD C. HASELBUSH brought an action to cancel a note previously signed by him and given to Alsco of Colorado, Inc. Upon trial to the court, cancellation of the note was denied and judgment entered for Alsco on its counterclaim for the amount of the note plus interest ($22,239.36). The parties will be referred to as they appeared in the trial court — plaintiff in error, Willard C. Haselbush, as plaintiff or by name, and defendant in error, Alsco of Colorado, Inc., as defendant or as Alsco.

The note in question was signed by Haselbush on August 25, 1961. It was given to Alsco and was due on February 25, 1962. The note was for $20,000 and provided for interest at 6% per annum. No payment has ever been made on this note. On August 31, 1961, Alsco issued a stock certificate for ten thousand shares of Class B common stock in the name of Willard C. Haselbush. The certificate was never delivered, but was held by the corporation pending payment of the note.

In seeking to have the note cancelled, Haselbush claims that issuance of the stock certificate and acceptance of the promissory note by Alsco was illegal and void under the Colorado constitution, Article XV, Sec. 9 and Colo. Sess. Laws, 1958, p. 132 (which now appears as C.R.S. 1963, 31-4-5 [2] ). The pertinent part of Article XV, Sec. 9 of the Colorado constitution reads as follows:

"No corporation shall issue stocks or bonds, except for labor done, services performed, or money or property actually received, and all fictitious increase of stock or indebtedness shall be void. * * *"

C.R.S. 1963, 31-4-5 (2) reads as follows:

"Neither promissory notes nor future services shall constitute payment or part payment for shares of a corporation."

■ In *Boldt v. Motor Securities Co.*, 74 Colo. 55, 218 Pac. 743, we held that Article XV, Sec. 9 of the Colorado constitution is not a defense to an action (in this case a counterclaim) brought on a promissory note given for the stock of a corporation. The statute does not affect that holding and we adhere to the rule in that case.

■■ The statute does not forbid the corporation from taking a note or obligation from a prospective stockholder. On the contrary, it impliedly recognizes the right to do so, but declares that no such note shall be considered as payment, and no certificate shall issue until the note is paid. See *Grange Nat. Bank v. Collman*, 103 Pa. Super. 235, 158 Atl. 195, aff'd., 306 Pa. 200, 159 Atl. 26. The issuance of the certificate, if in fact there was such here, does not affect the enforceability of the note.

■ Both the constitutional provision and the statute are aimed at preventing the watering of corporate stock. Their purpose is to prevent corporations from issuing stock without receiving full value, and so to prevent the diluting of the holdings of innocent stockholders, and the reliance by creditors on false or non-existent capital resulting from the issuance of watered stock. This purpose would not be served by holding, as Haselbush asks us to hold, that these provisions may be used to defeat an action by the corporation seeking to enforce payment on a promissory note given for the issuance of stock when the transaction has been made in good faith.

The judgment is affirmed.

MR. JUSTICE DAY not participating.