**John P. JACOBS, Plaintiff-Appellee,**

v.

**FRONTIER TRACTOR AND EQUIP-MENT, INC., Defendant-Appellant.**

**No. 84CA0709.**

Colorado Court of Appeals,
Div. II.

Nov. 21, 1985.

Fischer & Wilmarth, Steven G. Francis, Ft. Collins, for plaintiff-appellee.·

March, Myatt, Korb, Carroll & Brandes, Robert W. Brandes, Ft. Collins, for defendant-appellant.

VAN CISE, Judge.

Defendant, Frontier Tractor and Equipment, Inc. (Frontier), appeals the judgment in favor of plaintiff, John P. Jacobs, on plaintiff's claim for refund of $12,000 paid by him to Frontier on his stock purchase promissory note and the judgment against Frontier on its counterclaim for the $18,000 unpaid balance on this note. We reverse.

The facts are uncontroverted. In November 1980, plaintiff, then the general manager of Frontier, entered into a stock purchase agreement whereby plaintiff agreed to purchase and Frontier agreed to sell 300 shares of its stock for $30,000. The parties also signed a stock redemption agreement whereby Frontier and its other stockholders acquired an option to repurchase plaintiff's stock upon termination of his employment.

Plaintiff executed and delivered a non-interest bearing promissory note for the $30,000 purchase price, payable to Frontier on or before April 1, 1981, "or otherwise as agreed to by the parties." The note provided that "any bonuses that may be due from [Frontier to plaintiff] may be applied [by Frontier] as a credit against principal on this note." Before plaintiff terminated his employment with Frontier in April 1982, bonuses payable to plaintiff in the amount of $12,000 were applied on the note. Nothing has been paid or applied on the note since his termination, and no stock has been issued to him.

Plaintiff commenced this action in December 1982, seeking the return of the $12,000. In June 1983, Frontier filed for bankruptcy pursuant to Chapter 11 (later converted to Chapter 7) of the federal bankruptcy act. The terms of the automatic stay which takes effect upon such filing were modified by the bankruptcy court to authorize the trustee in bankruptcy to litigate plaintiff's claims in the state courts. The trustee then entered his appearance, through counsel, on behalf of Frontier. Frontier, through the trustee, then counterclaimed against plaintiff for the $18,000 balance due on the note and offered to issue the 300 shares of stock upon payment in full.

Frontier contends the trial court erred in entering both judgments. We agree.

Colo. Const. art. XV, § 9 states:

"No corporation shall issue stocks or bonds, except for labor done, service performed, or money or property actually received, and all fictitious increase of stock or indebtedness shall be void."

Further, § 7-4–105(2), C.R.S., reads:

"Neither promissory notes nor future services shall constitute payment or part payment for shares of a corporation."

Therefore, although plaintiff had given his note in payment for the stock, he is not entitled to receive the shares until the note is fully paid. *Haselbush v. Alsco of Colorado, Inc.*, 161 Colo. 138, 421 P.2d 113 (1966).

However, the fact that the shares have not been issued and cannot be issued until the note is paid, does not constitute a defense to an action brought on the note. *Haselbush, supra; Boldt v. Motor Securities Co.*, 74 Colo. 55, 218 P. 743 (1923). *See also Burch v. Exploration Data Consultants, Inc.*, 33 Colo.App. 155, 518 P.2d 288 (1973).

Plaintiff contracted in 1980 to purchase the stock, and gave a note for the purchase price. He can obtain a certificate for the stock on payment of the note. The fact that the stock became worthless when Frontier went bankrupt in 1983 does not entitle him to recover the amounts paid, nor does it furnish a justification for a refusal to pay the remainder due under the terms of the note. *See Sedalia Land Co.*

*v. Robinson Brick & Tile Co.*, 28 Colo.App. 550, 475 P.2d 351 (1970). Moneys so paid and to be paid belong to the creditors of the corporation. *Sawyer v. Prickett*, 86 U.S. 146, 19 Wall. 146, 22 L.Ed. 105 (1873).

*Reiter v. Pollard*, 75 Colo. 203, 225 P. 222 (1924), relied on by plaintiff, is inapposite. In *Reiter* the company never attempted to transact business, and the stock subscription agreement was obtained by fraudulent representations. Here, Frontier was a viable business when plaintiff agreed to purchase the stock, and it was being managed by him. Had he paid cash or paid the note when it was due, he would have had stock in a going business.

The judgments are reversed, and the cause is remanded for entry of new judgments in favor of Frontier consistent with this opinion.

SMITH and STERNBERG, JJ., concur.