[No. 6907.]

## MILLARD V. LOSER.

1. PRACTICE IN SUPREME COURT—*Finding Supported by Sufficient Evidence*—Will not be disturbed—(206).

2. PRINCIPAL AND AGENT—*Employment—Implied*—One who avails himself of the services of another, knowing that compensation is expected, is not permitted to deny liability; a land owner availing himself of the services of a broker, and carries out an exchange of land which the broker has accomplished, is liable for the commission reasonable and customary in like case —(206).

*Error to Rio Grande District Court.* — HON. CHARLES C. HOLBROOK, Judge.

Mr. JAMES P. VEERKAMP, for plaintiff in error.

Mr. JESSE STEPHENSON, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The suit is to recover a commission on a sale of real estate, alleged to have been earned by the Illinois Realty Company, plaintiff being the assignee of the demand. Trial was to the court, with judgment for the plaintiff for $250., the amount claimed. Defendant brings the case here for review on error.

The proofs show conclusively that the Illinois Realty Company procured a purchaser for the property, and that an exchange thereof, upon terms satisfactory to the defendant, was effected. The assignment of the claim by the Realty Company to the plaintiff is also clearly established, indeed there is no dispute upon this point. The defendant denies having made any contract with the Illi-

nois Realty Company, but does not deny the sale. The testimony is conflicting upon the question of original employment. The court below found the issues generally for the plaintiff. There is testimony to support such finding, and under the settled rule of this court it will not be disturbed.

Furthermore, whatever may be said upon the question of whether there was originally a contract of employment by the defendant of the Realty Company for a sale or exchange of his property, the following facts, upon all of the testimony, are beyond dispute, namely: that the Illinois Realty Company was engaged in the real estate business, selling property on commission; that, with the knowledge and assent of the defendant, it undertook to effect an exchange of his property, which was in fact consummated, and defendant accepted the benefit of the company's effort in this behalf. The testimony of the plaintiff was to the effect, though this evidence is contradicted, that defendant admitted to him that he knew, in advance of the service, that some compensation or commission was expected. In view of the finding of the court it must be that this issue was resolved in favor of plaintiff. The evidence also establishes that the commission claimed is reasonable, and corresponds to that which is customarily recognized and allowed in that community for like service. There was full ratification by the defendant of the acts of the Realty Company when he accepted the results of the service, with previous knowledge that compensation therefor was expected, and under well settled legal principles he is not permitted to deny liability. The facts clearly distinguished this case from those cited in the brief of plaintiff in error, and bring it well within the established rule laid down in Vol. 23,

·Am. & Eng. Ency. of Law, 2nd Ed., pages 911 and 912, which is as follows:

"In order to entitle the broker to recover compensation for his services it is necessary that the person from whom he claims shall have employed him to render the services out of which his claim arises, or that there should have been such an acceptance and ratification of his services by such person as will in the eye of the law amount to the same thing as an original employment. * * *

While a broker cannot recover for his services in the .sale of property in the absence of any agreement on the part of the owner of the property to compensate him therefor, it is not necessary that such agreement be express, but it may be implied from the contract of employment or the acceptance of the broker's services with . knowledge that he expects to be paid therefor."

*Duncan v. Borden,* 13 Colo. App. 418; *Weinhouse v. Cronin,* 68 Conn. 250; *Viley v. Pettit,* 96 Ky. 576; *Nolan v. Swift,* 111 Mich. 56; and *Everett Co. v. Cumberland G. M. Co.,* 112 Wis. 544.

There is no error and the judgment is affirmed.

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.