## No. 10,069.

### HENRIE, ET AL. *v.* GREENLEES, ET AL.

Decided July 3, 1922.

Action in ejectment.   Judgment for plaintiffs.

### *Reversed.*

1.   TAXES AND TAXATION—*Deed Application for—Notice.*   Under the provisions of section 5727, R. S. 1908, it is not necessary to publish notice of application for a tax deed, where all interested parties have been served with actual notice thereof.

2.   CORPORATIONS—*Notice.*   Notice to corporate officers or agents within the scope of their authority, is notice to the corporation.

3.   STATUTES—*Interpretation—"Or"—"And."*   In the interpretation of a statute, courts may, in order to carry out the intention of the legislature, substitute "and" for "or."

4.   TAXES AND TAXATION—*Sale—Purchase by County—Deed.*   A tax deed which shows on its face that the property was bid in by the county the first day it was exposed for sale, may be held void, but the facts do not make the rule applicable to the case under consideration.

5.   *Sale—Payment of Subsequent Taxes.*   Under section 5726, R. S. 1908, the purchaser of a tax sale certificate from the county is required to pay the taxes assessed since the date of the sale, or such sum as the commissioners may decide.   Held, that there was a compliance with this requirement where the holder of such a certificate purchased the tax sale certificates thereafter issued on the property.

6.   FRAUD—*Not Established.*   On review of the record, it is held not to warrant the conclusion that defendant was guilty of any fraud or conspiracy in the transaction under consideration.

*Error to the District Court of Hinsdale County, Hon. Thomas J. Black, Judge.*

Messrs. MOYNIHAN, HUGHES, KNOUS & FAUBER, for plaintiffs in error.

Mr. HARRY C. RIDDLE, Mr. RICHARD F. RYAN, for defendants in error.

Mr. BOSWELL F. REED, Mr. ROBERT W. STEELE, JR., *Amici Curiae.*

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit in ejectment and was instituted by a stockholder of The Sunflower Mining Company, a corporation, for himself and others similarly situated and on behalf of the corporation, to recover the possession of certain lode mining claims situated in Hinsdale County, Colorado, and also to recover damages for an alleged severance and conversion of mining fixtures. The complaint charges that the defendants "conspired together for the purpose of defrauding the company and obtaining possession of said mining claims and did wrongfully oust the said company through such conspiracy."

An answer was filed by three of the defendants. They allege that one of them, Florida Bryson Henrie, obtained a tax deed to the property, and that the other two answering defendants are each her grantee as to one third interest in the property. The answer sets up various matters leading up to the issuance of the tax deed.

The replication charges conspiracy between the defendant Florida Bryson Henrie and certain officers of the company in connection with the procuring of the tax deed in question, and alleges other matters which raise several issues of fact material in the matter of the validity of the tax deed irrespective of the alleged conspiracy.

The trial court found the issue of conspiracy in favor of plaintiff, and also held the tax deed invalid upon several grounds. There was a judgment for plaintiff. The three answering defendants, being the holder of the tax deed and her grantees, bring the cause here for review.

The defendant Florida Bryson Henrie was the assignee of a certificate of purchase of the mining claims in question

at a tax sale, and as such assignee she thereafter duly made a request upon the county treasurer for a tax deed. The county treasurer published a notice of the application for tax deed in The Silver World and Lake City Times, a newspaper of Hinsdale County. It is claimed, and the trial court held, that this newspaper is not a legal newspaper within the meaning of section 3931, R. S. 1908, and that, therefore, the tax deed is void because the application for the same was not properly published as required, under certain circumstances, by section 5727, R. S. 1908.

Whether the newspaper in question was a legal newspaper is, however, immaterial in the instant case. A notice was served upon all interested parties, including the corporation above named, in whose name the property was taxed. A notice was sent to its agent at its home office in Phoenix, Arizona, and also to each member of its board of directors. The latter fact alone is sufficient to constitute a notice to the corporation. 7 R. C. L. p. 653. All interested parties having been served with actual notice, it does not seem reasonable that publication should be required, and, moreover, it is not necessary to construe the statute so as to require publication under these circumstances.

Section 5727, R. S. 1908, contains the following clause:

"If no person is in actual possession or occupancy of such land or lot, *or* the residence of the person in whose name the same was taxed * * *, and the residence of none of the persons having interests or title of record in or to the premises, can, upon diligent inquiry, be learned, then the treasurer shall publish such notice in some newspaper * * *."

The evident intent of the legislature was to requre publcation only in the event that actual notice cannot be given to the owner and to persons having an interest of record in the land. Such intent would be clearly expressed if the word "or" in the second line of the quotation above given had been changed to the word "and." But we may make the substitution now, and in so doing, use the following language taken from *Thomas v. Grand Junction,* 13 Colo. App. 80, 85, 56 Pac. 665, 667:

"It is obvious to us that to carry out the intent of the legislature in the enactment under consideration, such a substitution of 'and' for 'or' must be made in this case."

The above case cited quotes with approval from Endlich, Interpretation of Statutes, section 303, as follows:

"To carry out the intention of the Legislature, it is occasionally found necessary to read the conjunctions 'or' and 'and,' one for the other. (Indeed, these words are said to be convertible into each other, as the sense of the enactment and the necessity of harmonizing its provisions may require.)"

The plaintiff below contends that the tax deed shows on its face that the property was bid in by the county on the first day that it was exposed for sale. If this were true, the deed might be held void on its face, according to *Empire Ranch & C. Co. v. Neikirk*, 23 Colo. App. 392, 128 Pac. 468, cited by plaintiff. But such is not the case. The deed recites that the treasurer "did on the 23rd day of December, A. D. 1914, * * * at an adjourned sale, the sale begun and publicly held on the 21st day of December, A. D. 1914, expose to public sale," etc. This recital does not show that the property was bid in by the county on the first day the property was offered for sale, but it indicates the contrary, when taken in connection with the further recital that the sale was made in' substantial conformity with the requirements of the statute in such cases made and provided. The recitals correspond to those found in the tax deed considered in *Imperial Securities Co. v. Morris*, 57 Colo. 194, 141 Pac. 1160, holding that the deed need not disclose the day on which the land was first offered. That case, which overrules *Bryant v. Miller*, 48 Colo. 192, 109 Pac. 959, on the point now being considered, is decisive of the instant case in this matter. The deed is not, therefore, void because of the recitals above mentioned, but is valid.

The trial court found that the taxes assessed since the date of the sale (December 23, 1914) were not paid by the purchaser either at or after the time of the making of

the assignment of the certificate of purchase, or at all. Under the circumstances shown by the record, the tax deed cannot be held invalid on this ground, since the court further found that on August 4, 1918 the defendant Florida Bryson Henrie purchased tax sale certificates from the County Commissioners of Hinsdale County for the taxes for the years 1913, 1914, 1915, 1916 and 1917. This was a compliance with section 5726, R. S. 1908, wherein it requires that the purchaser of a tax sale certificate from the county shall pay "the taxes assessed * * * since the date of" the sale or "for such sum as the board of county commissioners * * * may decide * * *."

We have examined the record also for the purpose of determining whether there is sufficient evidence of fraud and conspiracy to warrant a judgment for plaintiff on that ground, and find that there is not. If the officers of the company were guilty of any breach of trust in allowing the property to be sold for taxes, the record does not warrant the conclusion that the defendant Florida Bryson Henrie, who is not an officer of the company, secured from the county an assignment of the tax sale certificates as the result of any fraud or conspiracy in which she participated.

There is nothing in the record to support a judgment against the holders of the tax title. The judgment is reversed and the cause remanded with directions to dismiss the suit.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE CAMPBELL not participating.