No. 10,406.

McFerson, et al. v. Bristol.

Decided April 2, 1923.

Action for money had and received. Judgment for plaintiff.

*Affirmed.*

1. EVIDENCE—*Presumption of Knowledge.* A person in the active management of the affairs of a corporation is presumed to know of payments made to it, and which are entered upon its books.

2. CORPORATIONS—*Agent—Knowledge.* Where a manager is the sole representative of a corporation, in charge of its affairs, it will be deemed to know what he knew, and is chargeable with notice of his fraud.

*Error to the District Court of Weld County, Hon. A. F. Hollenbeck, Judge.*

Mr. WALTER E. BLISS, for plaintiffs in error.

Mr. WORTH ALLEN, for defendant in error.

*En banc.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error obtained a judgment against plaintiff in error in an action which grew out of the following circumstances.

One Hoffman was, and for several years had been, president and general manager of The Greeley Loan Company. In the spring of 1920, The Greeley Loan and Trust Company was incorporated, and of that company Hoffman became the president and general manager. The two companies occupied the same room, and Hoffman was in the sole management of each of them.

The defendant in error, at the request of Hoffman, exchanged with the Loan Company certain bonds of the value of $3500 for a real estate mortgage note in the sum of $3500.

Hoffman, the day after he obtained the bonds as president of the Greeley Loan Company, told a clerk in the Trust Company to deposit them to the credit of the Loan Company, and a credit of $3500 was given as directed. Hoffman subsequently died, and it was later discovered that $2500 had been paid upon said mortgage note while the same was owned by the Loan Company, and while it was under the control of Hoffman. The action was to recover the $2500 from the plaintiff in error, who, in the mean time, had taken possession of the bank as State Bank Commissioner.

The case was tried to the court; finding and judgment in favor of plaintiff.

The trial court found that when the Bank Commissioner took possession of the bank, six of the bonds in question were still among the assets of the bank. It found also that the management of the Trust Company was entrusted by the directors thereof solely to Hoffman, and that the latter

performed all the business of said company without any assistance from its directors, and without requiring ratification or approval by them; that the bonds were sold Hoffman as president of the Greeley Loan Company, and were purchased by Hoffman as president of the Loan and Trust Company; that no other person had anything to do with the purchase by the Trust Company; that the directors of the Trust Company, knowingly consented to the management of the business of said Trust Company by Hoffman as above stated. The court therefore found that the Trust Company received the bonds with full knowledge of the fraud, and that they were impressed with a constructive trust in favor of the plaintiff to the extent of $2500.

It appears from the record that the bank had no discount committee, and no one other than Hoffman, having authority in the premises, took part in or had knowledge of the transaction.

The questions for determination are, did Hoffman know of the payments, and did the Trust Company have such knowledge of the fraud perpetrated by Hoffman in the matter, if there was fraud, as would entitle the plaintiff to recover?

The payments made on the note were entered upon the books of the Loan Company, and Hoffman, being in the active management of the company, must be presumed to have known of the payments.

In *Gillet v. Phillips,* 13 N. Y. 114, speaking of a bank director, the court said: "By accepting that office, he assumed a duty to the stockholders and creditors of the bank, to inform himself of what would appear by an inspection of the books of the institution of which he was one of the ostensible managers." Still more, then, is Hoffman charged with knowledge, since he was in fact in the active management of the company.

In *Johnson v. Marx Levy,* 109 La. 1035, it is said: "Whatever a party should know and has opportunity of

knowing, he is presumed, as to innocent third persons, to have known."

To the same effect is 21 Am. & Eng. Encyc. of Law, (2nd Ed.) 896. It must be held, therefore, that Hoffman had knowledge of the payments on the note, and that in transferring it to the plaintiff in error for its face value, he was guilty of a fraud.

It remains now to determine whether or not the knowledge of Hoffman is to be imputed to the Trust Company. Plaintiff in error contends that this case falls within the exception to the general rule that notice to an agent is notice to his principal, which exception arises in case the conduct of the agent raises a presumption that he would not communicate the fact in controversy, as where the agent acts for himself in his own interest, and adversely to that of the principal. That such an exception exists, is well settled. It does not, however, apply to the facts of this case. The great weight of authority is to the effect that this exception is not applicable where the agent in the transaction represents the corporation as well as himself. Had there been a discount committee which had accepted these bonds, the case would have been within the exception. Bearing in mind that Hoffman represented the Trust Company in the transaction, it is clear that the Trust Company had knowledge through its agent.

In discussing this question in Mechem on Agency, (2nd Ed.) paragraph 1825, it is said:

"The real ground upon which this situation rests is believed to be that already stated, namely, that where the agent is the *sole* representative of the corporation, the corporation can not claim anything except through him and that therefore if it claims through him, after notice of the facts, it must accept his agency with its attendant notice."

In *Atlantic Mills v. Indian Orchard Mills*, 147 Mass. 268, 17 N. E. 496, 9 Am. St. Rep. 698, where it appears that a corporation acted in the transaction in question solely through an agent, it was held that it must be deemed to know what he knew, and that to hold the proceeds of the

transaction it must adopt the whole, fraud and all.   See also *U. S. v. State Bank,* 96 U. S. 30, 24 L. Ed. 647.

The doctrine laid down by Mechem above quoted is announced in 7 R. C. L. Par. 659.

The case of *Williams v. Hasshagen,* 166 Cal. 386, 137 Pac. 9, is similar to the case at bar, in that it was an action where the state superintendent of banks sued on a note which had been fraudulently procured by the general manager of a bank.   It was there held that though the manager profited personally by the transaction, his knowledge was imputed to the bank, because he acted solely for it.

Hoffman's knowledge of the fraud was obtained while he was president of the bank, and the transfer was made the next day after the fraud was perpetrated.   It must be presumed that he still had knowledge when, as president and manager of the Trust Company he took over the bonds from the Loan Company.   We, therefore, hold that the Trust Company had notice of the fraud.

No attack is made upon the findings of the trial court as to the facts, and, applying the law to the facts so found, it results that the plaintiff in the action was clearly entitled to recover.   The judgment is accordingly affirmed.