509 P.2d 814 (1973)
Neil E. JONES, Plaintiff-Appellant,
v.
KING RESOURCES COMPANY, a Maine corporation, and the Denver Corporation, a Colorado corporation, Defendants-Appellees.
No. 71-230.
Colorado Court of Appeals, Division. II.
February 6, 1973.
Rehearing Denied February 27, 1973.
Certiorari Denied May 29, 1973.
Raphael M. Solot, Denver, for plaintiff-appellant.
Law, Nagel & Clark, Ralph M. Clark, Denver, for defendants-appellees.
Selected for Official Publication.
PIERCE, Judge.
Defendant King Resources is in the business of buying, selling, and managing mineral *815 properties. Certain of its employees are authorized to search for business opportunities, and if they are successful in finding such opportunities, they receive a commission upon the consummation of any deal benefiting King Resources. King Resources had similar informal oral agreements with employees of other corporations with which it was affiliated, including defendant The Denver Corporation.
Plaintiff was a vice-president of The Denver Corporation, a company formed to market oil and gas mutual funds. He had an understanding with King Resources regarding contacting business opportunities on its behalf which dated back to a time when he had been an employee of King Resources. He brought this action seeking recovery of a commission which he allegedly earned by finding a beneficial opportunity for King Resources.
Plaintiff, at trial to the court, offered the following evidence to support his claim for the commission. On April 16, 1968, plaintiff, while dining in San Antonio, Texas, with the general manager of First General Real Estate (First General) suggested to him that First General and King Resources cooperate in the purchase of certain oil and gas properties which would be held by First General and managed by King Resources. Present at this meeting was a broker for Fox-Raff, a West Coast brokerage firm. The proposed scheme looked desirable enough to each of these parties that they determined to attempt to negotiate a deal between First General and King Resources. Thereafter, a call was placed to Fox-Raff to initiate the negotiations. Fox-Raff, in turn, contacted officers of King Resources.
Plaintiff contends that upon his return to Denver from San Antonio, he informed the president of The Denver Corporation of his efforts and was assured that he would be taken care of. Sometime during the period of negotiation, he also contacted an officer of King Resources and asked him how the deal was going. He did not, however, inform the officer of his participation in the instigation of negotiations.
Following the meeting in San Antonio, Texas, a series of negotiations commenced that resulted, on June 12, 1968, in a contract between First General and King Resources, with Fox-Raff to provide the financing. This agreement set commissions for both King Resources and Fox-Raff. In September of 1968, plaintiff learned that this deal had been consummated. Thereafter, he informed King Resources by registered letter to its president, John King, of his involvement in the negotiations and demanded a finder's fee. King Resources refused and this action was brought.
The case was tried to the court, and at the close of plaintiff's evidence, the court granted defendants' motion to dismiss. The court specifically found that there was a valid implied contract between the parties to pay a finder's fee upon consummation of a deal and that plaintiff had, in fact, been the inspiration for this particular deal. The court concluded, though, that it was incumbent upon plaintiff to inform King Resources of his involvement prior to consummation of the contract, and that plaintiff had failed to so notify King Resources and that thus, he was not entitled to a commission. Plaintiff appeals. We affirm.

I.
The initial issue for consideration is whether a party who expects to collect a finder's fee must be acting within the knowledge of the party who is to be held responsible for the fee. Under the facts before us, we conclude that he must.
In arguing that notification is not necessary, plaintiff relies principally upon Consolidated Oil and Gas, Inc. v. Roberts, 162 Colo. 149, 425 P.2d 282. (See Benson, Finders and Finders' Fees, 47 Denver L.J. 448, for an analysis of this case.) It is plaintiff's contention that unless the contract between the parties requires additional services, the Consolidated case requires only that: (1) the finder render services in such a manner as to indicate he expects *816 payment, (2) that the services are beneficial to the party sought to be held liable, and (3) that the finder is the efficient procuring cause of the transaction. Plaintiff argues that under this test it matters not that the party contracting for the finder's services does not actually receive notification of the finder's efforts. Rather, he reasons that the finder does all that is required of him when he performs the acts which eventually bring the parties together.
We do not agree with this interpretation of the Consolidated Oil case. Although there the contracting parties knew about the finder, the test announced would seem to contemplate notice to the contracting party.
An explicit condition contained in the first part of the test enunciated above is that the finder be permitted to act in a manner which indicates that he expects a commission. To give such permission, the party to be obligated must, of course, have knowledge of the finder's activities. Furthermore, the necessity of notice is inherent in the services performed by a finder. As stated in Consolidated Oil, a "[finder's] principal activit[y] and [service is] to locate a property or lease, bring it to the attention of a prospective buyer and thereafter to obtain requested data if possible. He is then only paid a commission if the property is actually acquired by his prospect." (Emphasis supplied.)
That the contracting party must have knowledge of the finder's participation in a deal is particularly applicable to the facts before us. Here, there was not an exclusive contract with this particular finder. Rather, there were a number of people engaged in the same activity for King Resources. Because of this, it was implicit in each such arrangement that King Resources know prior to the consummation of the contract, to whom, if anyone, it was going to owe a commission. Otherwise, it would be impossible to calculate whether or not the transaction would be profitable. We conclude that under the facts of this case, notification prior to consummation of the deal was a necessary prerequisite to entitlement to a finder's commission. See Pyles v. Colorado Land and Investment Co., 144 Colo. 197, 355 P. 2d 953; Coppage v. Howard, 127 Md. 512, 96 A. 642.

II.
The issue then becomes one of determining whether King Resources had notice of plaintiff's efforts regarding this transaction. The trial court concluded upon reviewing plaintiff's testimony in its most favorable light, that, prior to the execution of the contract, King Resources had no such notice. The court found that the only parties with knowledge of plaintiff's involvement in the transaction were an officer of The Denver Corporation, and the Fox-Raff brokerage firm, and that notice to either was not notice to King Resources. We agree.
Plaintiff argues that since an officer of The Denver Corporation knew of plaintiff's involvement in the deal and since the sole owner of The Denver Corporation was also president of King Resources, the requisite knowledge of plaintiff's activities in initiating the deal may be imputed to King Resources. We agree with the trial court that this is inadequate evidence of notice.
It is established that notice to a corporate officer acting within the scope of his duties is notice to a corporation. Mayer Oil Co. v. Schnepf, 100 Colo. 578, 69 P.2d 775. Here, though, we have notice to a corporate officer which is sought to be imputed to a different corporation. The officer of The Denver Corporation is not an officer or employee of King Resources and there is no contention that he had authority to act on behalf of King Resources. In the absence of such authority, plaintiff asks us to recognize that the two corporations were so intertwined that notice to an officer of one was notice to the other. It is apparently plaintiff's argument that, by their relationship, the officers *817 of King Resources involved are estopped to deny that they did not have actual knowledge of plaintiff's activities. However, before we could rule, as a matter of law, that such an estoppel is present, the plaintiff must have presented sufficient facts to show that only one inference could be drawn from the evidence. Guthner v. Union Finance and Loan Co., 110 Colo. 449, 135 P.2d 237. See Cook v. Hargis, 164 Colo. 368, 435 P.2d 385. The facts presented, which need not be detailed, would allow inferences indicating either knowledge or lack of knowledge on the part of King Resources and its officers, and the fact that the trial court concluded that plaintiff had not presented sufficient evidence to support an estoppel was within its province as fact finder and will not be disturbed on appeal.

III.
Finally, it is undisputed that some months after the contract between First General and King Resources was consummated, plaintiff notified the president of King Resources that he was involved in arranging the deal and expected to be compensated. He now contends that this was the requisite notice as the commissions had not yet been paid at the time. Since a broker's commission is earned when the parties have executed a binding contract, Lipton v. Johansen, 105 Cal.App.2d 363, 233 P.2d 648, this notification was nothing more than a demand for payment. Because we have determined that plaintiff was not entitled to payment on June 12, 1968, this demand was without significance.
We have considered appellant's other contentions and find them to be without merit.
Judgment affirmed.
SILVERSTEIN and SMITH, JJ., concur.