The SCHUCK CORPORATION,
Plaintiff-Appellant,

v.

Melvin SORKOWITZ and Donald W. Schaefer, Defendants-Appellees.

No. 81CA0796.

Colorado Court of Appeals,
Div. I.

May 3, 1984.

Rehearing Denied June 21, 1984.

---

David C. Mize, Colorado Springs, for plaintiff-appellant.

Spurgeon, Haney & Howbert, P.C., Nancy Chase Miller, Colorado Springs, for defendant-appellee Melvin Sorkowitz.

Sherman & Howard, Kenneth B. Siegel, Denver, for defendant-appellee Donald W. Schaefer.

PIERCE, Judge.

As a result of the sale of a business, plaintiff, Schuck Corporation (Schuck), sought to recover quantum meruit damages individually from defendants, Melvin J. Sorkowitz and Donald W. Schaefer. The trial court entered judgment for defendants. Schuck appeals, and we reverse.

Sorkowitz and Schaefer were the sole shareholders of THC, Inc., a Colorado corporation, d/b/a Vicon Instrument Company (THC). In 1979, THC was failing financially, and defendants sought to sell the business. Through a series of transactions, Sorkowitz met with two Schuck agents, and discussed the sale of THC, after which the Schuck agents succeeded in locating a potential buyer. The agents showed the buyer the business facilities, evaluated business assets for him, and consistently discussed the terms of the anticipated sale transaction with defendants. During this time, however, defendants refused to sign an exclusive listing agreement with Schuck; nonetheless, Sorkowitz, as president of Vicon Instrument Company, did sign a commission agreement, which set forth the amount due Schuck upon sale of THC to the buyer represented by Schuck.

After Sorkowitz signed the commission agreement, but without Schuck's knowledge, the buyer and defendants signed a "Letter of Intent" in which the buyer agreed to purchase all outstanding stock of THC. Approximately two days later the transaction was closed.

Schuck asserts that defendants are individually liable for the reasonable value of services rendered by its agents in the sale of the THC stock. The trial court rejected this argument, finding that: (1) Schuck had presented a buyer to defendants; (2) Schuck had performed valuable services in providing necessary information to potential buyers and provided an individual who, without the knowledge of Schuck, in fact purchased the business; (3) on the date of the sale, defendants, as corporate officers and shareholders, were concerned about payment of Schuck's commission and were, at this point, "wearing two hats ... as individual sellers of the stock, and as officers of the corporation being sold"; and (4) Schuck had the right to expect payment of a commission from THC but that because the sale itself took the form of a stock sale, as opposed to a sale of corporate assets, Schuck had no reasonable expectation of receiving a commission payment from defendants personally. Similarly, the trial court held that neither defendant had any expectation of personally paying Schuck a commission. Therefore, the trial court concluded the evidence was insufficient to hold Schaefer and Sorkowitz individually liable on a theory of quantum meruit.

The factual findings are supported by the record, and we will not disturb them on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979). However, the legal conclusions and judgment rendered were erroneous. *American National Bank of Den-*

*ver v. Christensen,* 28 Colo.App. 501, 476 P.2d 281 (1970).

Where a court finds a duty which justifies its imputation of a promise to perform, an implied contract may be found and recovery upon quantum meruit may be had. *Snowden v. Clemons,* 5 Colo.App. 251, 38 P. 475 (1894). And, an allegation in a complaint that services were performed by one at another's request, as here, is sufficient to raise the question of an implied promise to pay. *McDonald v. Thibault,* 84 Colo. 470, 271 P. 183 (1928).

Where an express contract and an asserted implied contract co-exist and relate to the same subject matter, there can be no implied contract between the parties because the provisions of the express contract supersede those of the implied contract. This rule does not apply, however, where the implied agreement is based upon the conduct of the parties subsequent to, and not covered by, the terms of the express contract. *O'Byrne v. Lawson,* 110 Colo. 304, 134 P.2d 199 (1943).

Moreover, a party is not permitted to deny liability for payment of the reasonable value of services rendered when, with knowledge compensation is expected, he accepts the services performed by another which benefit him. Acceptance of the services necessarily ratifies the employment of the person performing those services. *Millard v. Loser,* 52 Colo. 205, 121 P. 156 (1912). The ratification implies a promise to pay the reasonable value of the services rendered. *Larson v. American National Bank,* 174 Colo. 424, 484 P.2d 1230 (1971).

Contracts between a broker and a principal may be implied. *Chambers v. Shivers,* 31 Colo.App. 16, 497 P.2d 327 (1972). When such services are rendered under circumstances where compensation is reasonably expected and should be paid for, recovery in quantum meruit is allowed. *Bator v. Mines Development, Inc.,* 32 Colo.App. 320, 513 P.2d 220 (1973).

Notwithstanding the express commission agreement between Schuck and THC, the acts of the parties here subsequent to the execution of this express agreement necessarily imply a contract substantially different from that covered by the provisions of the express commission agreement. Schuck introduced the buyer to defendants and defendants later sold their shares of stock to buyer; defendants benefited by Schuck's services. By selling their shares of stock to this buyer, defendants, as individuals, ratified their employment of Schuck. Hence, they became liable individually for payment of the reasonable value for the services rendered which benefited them.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded for a determination of the reasonable value of the services rendered by Schuck to defendants, either upon the basis of the existing record, or from evidence taken at an additional hearing, should the same be necessary.

SMITH and TURSI, JJ., concur.