**Joan STOKES, Plaintiff-Appellee,**

v.

**INTERNATIONAL MEDIA SYSTEMS, INC., a Colorado corporation, Defendant-Appellant.**

**No. 83CA0686.**

Colorado Court of Appeals, Div. IV.

May 17, 1984.

Rehearing Denied June 14, 1984.

Joe Orell, Colorado Springs, for plaintiff-appellee.

W. Bruce Kopper, Colorado Springs, for defendant-appellant.

SILVERSTEIN,* Judge.

On a theory of unjust enrichment, the trial court entered judgment for plaintiff, Joan Stokes, against defendant, International Media Systems, Inc. (IMS). Defendant appeals and we reverse.

The following facts are undisputed. James Harmon executed a promissory note payable to the order of plaintiff in the sum of $10,000. Instead of receiving the funds for this note himself, Harmon directed plaintiff to pay the money to IMS, in which corporation he was a stockholder, officer, and director. IMS used the funds in its regular course of business. Subsequently,

Harmon resigned as officer and director and, shortly thereafter, died without having made any payments on the note.

Plaintiff brought this action against IMS and Harmon's estate. A default judgment was entered against the estate. Although the estate had assigned to plaintiff whatever claims it had against IMS, plaintiff did not pursue any such claims. Rather, she asserted two claims against the corporation. First, that IMS had assumed the obligation of the note when Harmon resigned from the corporation. Second, plaintiff claimed that IMS was unjustly enriched by receipt and use of the funds.

The trial court found that IMS had not assumed the obligation. This finding is supported by the evidence, and is not challenged by plaintiff.

However, the trial court further found that IMS had not repaid either Harmon or the plaintiff the $10,000 initially advanced by the plaintiff. This fact was not disputed by IMS. The court concluded that plaintiff had conferred a benefit on IMS which was accepted by it, and that its retention of the funds would be inequitable. In denying defendant's motion to amend the judgment, the court stated that the basis for its conclusion was that when Harmon resigned as officer and director he gave up his claims against the corporation including a claim for repayment of the $10,000, and that, therefore, unless IMS paid plaintiff it would be unjustly enriched.

IMS contends that the facts do not support the conclusion. We agree.

"The essential elements of unjust enrichment are a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Mountain Medical, Inc. v. City of Colorado Springs*, 43 Colo. App. 391, 608 P.2d 821 (1979).

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the Colo. Const., Art. VI, Sec. 5(3), and section 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

One of the circumstances to be considered is the reason for conferring the benefit. If the party conferring the benefit does so pursuant to a contract with a third party, then non-performance by the other party to the contract does not entitle the party conferring the benefit to repayment from the recipient. As *Restatement of Restitution* § 110 (1937) states:

> "A person who has conferred a benefit upon another as the performance of a contract with a third person is not entitled to restitution from the other merely because of the failure of performance by the third person."

That rule is applicable here.

Plaintiff's remedy lay against Harmon's estate. This remedy was successfully pursued. The fact that Harmon may have given up his claim for repayment of the funds does not create a right in plaintiff to repayment thereof from IMS.

The judgment is reversed and the cause is remanded with directions to dismiss the complaint.

ENOCH, C.J., and HODGES,* J., concur.