**Thomas H. BOCK, Plaintiff–Appellant and Cross–Appellee,**

**v.**

**AMERICAN GROWTH FUND SPONSORS, INC.; Investment Research Corporation; AGF Holdings, Inc.; and AGF Property Management Corporation, Defendants–Appellees and Cross–Appellants.**

**No. 93CA1819.**

Colorado Court of Appeals, Div. II.

Aug. 10, 1995.

Rehearing Denied Sept. 7, 1995.

William R. Fishman, Denver, for plaintiff-appellant and cross-appellee.

Hamil Professional Corporation, J. Lawrence Hamil, Michelle W. Stern, Christina V. Miller, Denver, for defendants-appellees and cross-appellants.

Opinion by Judge ROY.

Plaintiff, Thomas H. Bock, appeals from an adverse summary judgment entered on his unjust enrichment claim against defendants, American Growth Fund Sponsors, Inc. (American Growth), Investment Research Corporation (IRC), AGF Holdings, Inc., and AGF Property Management Corporation, and from an order awarding defendants their costs. Defendants cross-appeal from the trial court's order denying their requested attorney fees and costs. We reverse and remand for further proceedings.

The defendants are interrelated corporations owned directly or indirectly by Robert D. Brody. The principal dispute deals with ownership and operation of American Growth and IRC. American Growth underwrites an open-end growth mutual fund, American Growth Fund, and IRC is the investment advisor to American Growth. AGF Holdings, Inc., owns all of the outstanding shares of common stock in AGF Property Management, Inc., which buys, sells, and manages real estate; and owns all but one of the outstanding shares of common stock in American Growth. Plaintiff owns one share of American Growth. Brody owns all of the outstanding common stock in AGF Holdings, Inc., and IRC. AGF Property Management, Inc., holds and manages assets of American Growth.

Bock premised these proceedings on the allegation that he was fraudulently induced to accept employment with American Growth and IRC by Brody, who was an officer, director, and, ultimately, the sole or controlling shareholder of the corporations. Bock alleges that, in the spring of 1980, Brody promised that, upon his death, he would leave all his stock in American Growth and IRC to Bock. The promise was allegedly made in order to induce Bock to accept employment with, and devote his professional career to, developing American Growth. Bock further alleges that he and Brody agreed that he would accept a reduced compensation from the corporations because he would ultimately inherit American Growth and IRC. It is undisputed that Brody, in fact, had prepared and executed a codicil to his will which devised his stock in American Growth and IRC to Bock.

The relationship was terminated at Brody's instance. Following termination, Bock initially sued Brody and the corporations alleging contract and tort claims in addition to a claim for unjust enrichment. The corporations were dismissed from the action without

prejudice pursuant to C.R.C.P. 41(a)(2). Subsequently, the trial court dismissed Bock's unjust enrichment claim against Brody, ruling the claim properly lay against American Growth and IRC. The trial court also dismissed plaintiff's fraud and contract claims against Brody on other grounds.

Bock appealed and a division of this court reversed the dismissal of the fraud claim against Brody, but dismissed the appeal of the dismissal of the unjust enrichment claim concluding that it was not a final, appealable order. *Bock v. Brody,* 870 P.2d 530 (Colo. App.1993). Our supreme court affirmed with respect to the fraud claim and reversed with respect to the unjust enrichment claim, remanding the unjust enrichment claim to this court for a determination as to whether the trial court erred in holding that Bock cannot succeed with that claim as a matter of law. *Brody v. Bock,* 897 P.2d 769 (Colo.1995).

Following dismissal of his unjust enrichment claim against the corporate defendants by the trial court, Bock commenced this action against the same corporations alleging that he had conferred a benefit on the corporations under circumstances that it would be inequitable for the corporations to retain that benefit, *i.e.,* unjust enrichment. Bock asserts that the measure of the unjust enrichment is the increase in net worth of American Growth and IRC.

The defendant corporations filed counterclaims for breach of contract and fiduciary duty and moved for summary judgment as to Bock's unjust enrichment claims. The motion for summary judgment was granted.

## I.

The corporations assert that they did not participate in any fraudulent conduct and, even if Brody did, his conduct cannot be attributed to them. Indeed, they assert that it would be inequitable to grant any remedy against the corporations. We conclude that, under the circumstances at issue, knowledge of Brody's fraudulent conduct may be imputed to the corporate defendants.

■■■ Generally, notice coming to an officer or agent of a corporation within the scope of his duties is notice to the corporation.

*Jones v. King Resources Co.,* 32 Colo.App. 56, 509 P.2d 814 (1973); 3 W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 790 (rev. perm. ed. 1994). An exception to the general rule occurs when the officer or agent has an interest adverse to the corporation or is committing a fraud on the corporation. *McFerson v. Bristol,* 73 Colo. 214, 214 P. 395 (1923); *Vail National Bank v. Finkelman,* 800 P.2d 1342 (Colo.App.1990); 3 W. Fletcher, *Cyclopedia of the Law of Private Corporations* §§ 819 & 826 (rev. perm. ed. 1994). In addition, knowledge obtained by an officer outside the scope of his employment or capacity is usually not imputed to the corporation. *Franklin Mining Co. v. O'Brien,* 22 Colo. 129, 43 P. 1016 (1896).

■■■ Notice to, or knowledge of, an individual director is generally not imputed to the corporation. *Murphy v. Gumaer,* 12 Colo.App. 472, 55 P. 951 (1899). Notice to a majority of a quorum of directors is, of course, notice to the corporation. *Henrie v. Greenlees,* 71 Colo. 528, 208 P. 468 (1922); 3 W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 808 (rev. perm. ed. 1994).

■■■ Shareholders are not, generally, involved in the operation of a corporation; therefore, notice to a shareholder is not notice to the corporation. Notice to a controlling shareholder, however, can be imputed to the corporation. 3 W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 814 (rev. perm. ed. 1994).

■■■ In addition, a corporation is on notice of fraudulent acts of its officers or agents when it benefits from the fraud even though the officer or agent may have personal motives.

When the act of an officer of a corporation constitutes a fraud upon a third person ... the ... corporation is chargeable with notice of the nature of the transaction, although the fraud is perpetrated for the officer's own benefit, where the officer also represents the corporation in the transaction. Fraud on behalf of a corporation is not the same thing as fraud against it. Fraud against the corporation usually hurts just the corporation; the sharehold-

ers are the principal if not the only victims. But the shareholders of a corporation whose officers commit fraud for the benefit of the corporation are beneficiaries of the fraud. The primary costs of a fraud on the corporation's behalf are borne not by the shareholders but by outsiders to the corporation.

. . . .

On the other hand, fraud of a corporate agent, practiced on a third person, is not imputed to the corporation where the agent was acting adversely as an individual or as the agent of the other party, as distinguished from acting for the corporation. Further, the rule that when notice is given to an agent while acting in his or her own personal interest, which is hostile to that of the principal, such notice is not imputed to the principal, also applies to a corporate agent acting fraudulently for the benefit of a third party.

3 W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 829 (rev. perm. ed. 1994).

Another reference puts the same rule in broader and stronger language.

> Although a corporation is generally not chargeable with the knowledge of its officer or director concerning a transaction in which the officer or director is acting in his own behalf the corporation will be charged with the agent's knowledge where any action taken by the agent would benefit both the agent and the corporation, the interests of the individual officer or director being clearly aligned with those of the corporation. Moreover, the exception to the general rule of imputed notice to a corporation that arises where an officer, director, agent or employee is acting fraudulently or adversely to the corporation is not triggered where the individual is also acting for the principal's benefit, even though the agent's primary interest is inimical to that of the principal. A corporation cannot retain the benefits of a transaction and repudiate any knowledge of its agent's fraudulent acts in procuring it. But knowledge will not be imputed to the corporation on the basis of an assertion

that its agents, though motivated by personal interests, did benefit the corporation, where, under the facts, there is no actual benefit to the corporation.

18B Am.Jur.2d *Corporations* § 1681 (1995).

Therefore, we conclude that, if Brody fraudulently induced Bock to provide services to the corporations, even though Brody intended to benefit only himself, knowledge of the fraudulent acts can properly be imputed to the corporations.

## II.

The trial court, relying on *Stokes v. International Media Systems, Inc.*, 686 P.2d 1368 (Colo.App.1984), granted defendant corporations' motion for summary judgment with respect to Bock's unjust enrichment claim on the ground that such a claim cannot be predicated on the breach of an agreement with a third party. Bock contends that ruling was error because his unjust enrichment claim was predicated on Brody's fraud, not his contract breach, and therefore, *Stokes v. International Media Systems, Inc., supra,* is distinguishable. We agree.

In the situation here, the essential elements of unjust enrichment would consist of a benefit conferred on the defendant corporations by Bock, appreciation by the defendant corporations of such benefit, and acceptance and retention by the defendant corporations of such benefit under circumstances such that it would be inequitable for them to retain the benefit without payment of the value thereof. *See Cablevision of Breckenridge, Inc. v. Tannhauser Condominium Ass'n,* 649 P.2d 1093 (Colo.1982).

In *Stokes,* a shareholder, officer, and director of a defendant corporation personally executed a promissory note in favor of the plaintiff and directed that the proceeds be paid directly to the corporation. After the resignation and death of the maker, the holder commenced an action against the corporation on the ground of unjust enrichment. A division of this court, following the general rule, held that, when a party conferring a benefit on another does so pursuant to a contract with a third party, the third party's non-performance does not entitle the person

conferring the benefit to restitution from the recipient of the benefit. *See* Restatement of Restitution § 110 (1937).

██ The issue here, however, is whether under the circumstances at issue, it would be inequitable for the recipient to retain the benefits. Innocent third party recipients of benefits must sometimes surrender them if such benefits are the result of fraud. *See* Restatement of Restitution §§ 13, 17, 28, 107, & 123 (1937). Thus, as stated in Restatement of Restitution § 17:

> A person who has [conferred a benefit on] another in the performance of an agreement with a third person is entitled to restitution from the other if, *because of fraud* ... the agreement ... was ineffective or was voidable and has been avoided, unless the other gave value therefor or changed his position, *without notice of the cause of avoidance.*

(emphasis supplied); *see also* Restatement of Restitution § 107 (1937).

██ In this instance, retention of the benefits by the corporations is particularly unwarranted because knowledge of the fraud is imputable to the corporations through Brody, their officer, director, agent, and controlling shareholder. The fact that the alleged fraudulent representation dealt with consideration which only Brody could contract and deliver does not, in our view, affect the analysis. The defendant corporations are not necessarily innocent or incidental recipients of the benefit of Bock's services as a result of Brody's alleged fraud.

Thus, the facts alleged here are distinguishable from the general case exemplified by *Stokes* in which a person is attempting to obtain restitution from another *merely* because of the breach by the third party who contracted for the benefit. Therefore, we conclude the granting of summary judgment based on *Stokes* was error.

### III.

Defendant corporations urge that the summary judgment was proper for other reasons and that it should be upheld on alternative grounds. We disagree.

### A.

██ Citing *Schuck Corp. v. Sorkowitz,* 686 P.2d 1366 (Colo.App.1984), the corporations urge that, since an express contract and implied contract relating to the same subject matter cannot co-exist, there can be no recovery on a theory of unjust enrichment when there is an express contract. Under the circumstances of this case, we reject this argument.

In this instance, there were written employment agreements between Bock and the corporations. These agreements specified the compensation to be paid by the corporations for Bock's services and were, as Bock readily admits, fully performed by the corporations in accordance with their terms.

However, this theory suffers from the same infirmity as the first, that is, knowledge of the fraud can be imputed to the corporations because Brody is an officer, director, and sole or controlling shareholder and a purpose of the fraud was to directly benefit the corporations and indirectly benefit Brody. Further, the employment agreements were negotiated by Brody on behalf of the corporations. Brody's interests and those of the corporations are nearly identical. If Bock can ultimately meet his burden in establishing Brody's fraudulent conduct, then the employment agreements were a direct product, if not an aspect, of the fraud.

### B.

The corporations also argue that the granting of recovery against them on a theory of unjust enrichment is against public policy. Again, we disagree.

██ The gravamen of this argument is that the alleged contract for inheritance violated § 15–11–701, C.R.S. (1987 Repl.Vol. 6B) which requires that such agreements be in writing. Therefore, it is argued that equity will not permit what the law prohibits and no recovery on implied contract is permissible. Without addressing the issue as to whether the statute protects persons or entities not a party to the contract for an inheritance, we view this argument as having been disposed of by our supreme court in *Brody v. Bock,*

*supra,* wherein it was held that the statute could not be used to perpetrate a fraud. Therefore, no public policy concerns arise by permitting an implied contract claim against the corporations.

## IV.

Since the measure of any unjust enrichment the corporations may have received will be an issue on remand, we address it here. Bock does not allege that the corporations defrauded him. He alleges that the corporations received a benefit from him under circumstances, the alleged fraud of Brody, making it inequitable for the corporations to retain the benefit. On such basis, he argues that the measure of the unjust enrichment is the increase in value, or equity, in the corporations. We conclude that this measure of the unjust enrichment, *i.e.,* the disgorging of all profits or benefits, as against the corporations is inappropriate. *See EarthInfo, Inc. v. Hydrosphere Resource Consultants, Inc.,* 900 P.2d 113 (Colo.1995).

While the disgorging of profits or the increase in the value of the corporations might arguably be appropriate as against Brody as the sole or controlling shareholder, it is not appropriate as against the defendant corporations on a claim of unjust enrichment. The alleged fraudulent representations and the alleged breach dealt with additional compensation for his services which Bock did not expect from the corporations and which the corporations were incapable of delivering. Further, employers expect to "profit" from the services of employees. Therefore, the measure is not the benefit to the employer but the difference between the consideration paid and the fair market value of the employee's services.

We further note that any additional compensation provided Bock on the theory of unjust enrichment against the corporations cannot duplicate damages imposed against Brody for fraud or any other claim.

## V.

Because of our resolution of the issues relating to the granting of summary judgment, we reverse, without further comment, the award of costs in favor of defendants pursuant to § 13–16–122, C.R.S. (1987 Repl. Vol. 6A). In addition, for the same reasons, we do not address the corporations' argument on cross-appeal that the trial court erred in not awarding them attorney fees. Further, we do not express an opinion as to whether an award of attorney fees or costs might be appropriate as to any party upon final resolution of the matter.

The summary judgment and the order awarding costs are reversed, and the cause is remanded for further proceedings consistent with the views expressed herein.

CRISWELL and BRIGGS, JJ., concur.